Morse et al. *v.* Carpenter.

# FRANKLIN COUNTY.

JANUARY TERM, 1847.

[Continued from *ante*, page 112.]

JOHN MORSE AND JOEL HOUGHTON *v.* HIRAM M. CARPENTER.

There is an important difference between a description of the grantees in a deed, which is inherently uncertain and indeterminate, and one which is merely imperfect, and capable, on that account, of different applications;—extrinsic evidence is not admissible, in the former case, to make the conveyance effectual

Morse et al. *v.* Carpenter.

in favor of any particular person; while in the latter case a resort to extraneous facts and circumstances may become necessary, and is proper, in order to ascertain the individual to whom the description was intended to apply.

Where the plaintiffs in an action of ejectment, who were partners, offered in evidence a mortgage deed, executed by the defendant, and conveying the demanded premises to the plaintiffs by the name of their style of partnership, which consisted of the surnames of the partners, omitting their christian names entirely and describing their place of residence, it was held, that evidence was properly admissible, *to show that the plaintiffs were, at the time the mortgage was executed, doing business, as partners, at that place, and that the defendant executed to them, by the name of their firm, the promissory note described in the condition of the mortgage, and that, with this evidence, the mortgage deed was admissible, and, with proof of defendant's possession of the premises, entitled the plaintiff to a recovery.

EJECTMENT for land in Enosburgh. Plea, the general issue, and trial by the court, April Term, 1845,—Royce, J., presiding.

On trial the plaintiff gave in evidence a mortgage deed of the demanded premises, dated February 23, 1843, and executed by the defendant, in which the grantees were described as "Morse & Houghton, of Bakersfield," and proved, that the plaintiffs had lately been in partnership at Bakersfield, under the firm of Morse & Houghton, and that the note described in the condition in the mortgage, and which bore the same date with the mortgage, was executed by the defendant to the plaintiffs as such partners. To the admission of all this evidence the defendant objected; but the objection was overruled by the court. It then appeared, that the condition of the mortgage had not been complied with, and that the defendant was in possession of the demanded premises at the commencement of this suit.

Judgment for plaintiff. Exceptions by defendant.

*Smalley, Adams & Hoyt* for defendant.

The deed offered in evidence by the plaintiffs and admitted by the court, and on which, alone, the plaintiff's right to recover depends, was void for uncertainty in describing the grantees. 4 Cruise 218, § 14. 4 Com. Dig. 164 E 3; 308 A. 2 Ib. 170 B 4. The plaintiffs are not parties to the deed; and this defect cannot be cured by parol. 15 Vt. 215. 1 D. Ch. 227.

*W. C. Wilson* and *A. O. Aldis* for plaintiffs.

1. A deed to a partnership, by the partnership name, is valid. It is not necessary to insert the particular names of each partner. Deeds *from* partners, using the name of the firm, are held valid, when the firm has power to deed ;—deeds *to* the firm come within the same principle. *Dean* v. *Nutting*, cited in Washburn's Dig. 556. Gow on Part. 75.

2. Granting that the description of the grantees is imperfect,— it may be supplied by parol evidence. The intention is apparent from the deed, both in the description of the grantees and in the proviso describing the note, to convey to the firm ; and the name of the firm and of its place of doing business are correctly described; nothing is wanting, to make the description perfect, but the christian names of the two partners. When an estate is deeded to a person, whose surname or christian name is mistaken, or omitted, parol evidence is admissible, to supply the omission, or correct the mistake. If this be so, surely the mere omission of a christian name may be supplied. 1 Phil. Ev. 539. *Price* v. *Page*, 4 Ves. 680. *Alexander* v. *Wilmorth*, 2 Aik. 413. *Miller* v. *Travers*, 8 Bing. 244. [21 E. C. L. 288.] *Conolly* v. *Pardon*, 1 Paige 291. *Beaumont* v. *Fell*, 2 P. Wms. 140. *Thomas* v. *Stevens*, 4 Jac. 607. *Smith* v. *Doe d. Jersey*, 6 E. C. L. 244. 3 Cow. & H. Notes to Phil. Ev., n. 938, pp. 1358–1378.

The opinion of the court was delivered by

ROYCE, Ch. J. If the description of the grantees was such as to render the deed void, there was error in admitting evidence to explain and aid that description. But the evidence was rightly admitted, if the ambiguity was legally capable of explanation. The only question, then, is, whether the description was thus fatally defective.

A sufficient description of the grantee in a deed is equally indispensable, as that of the subject to be conveyed. And, as instances of incurable uncertainty and defect in this particular, cases are put, —or recorded in the books,—of a grant, or devise, *to one of the sons of J. S.*,—to the *poor scholars* of such a school,—to the *poor relations* of the grantor, or devisor, &c. These, and the like cases, furnish illustrations, in reference to the grantee, of the *ambiguitas patens*, strictly so called,—an ambiguity not removable by construction, nor to

be explained by evidence *aliunde,* without making more, or less, of the instrument, than its terms import. And hence, to make the conveyance effectual in favor of any particular person, by the aid of extrinsic evidence, would be, in the words of Lord Bacon, "to make that pass without deed, which the law appointeth shall not pass but by deed."

There is, however, an important difference between a description which is inherently uncertain and indeterminate, and one which is merely imperfect, and capable, on that account, of different applications. To correct the one is, in effect, to add new terms to the instrument; while to complete the other is only to ascertain and fix the application of terms already contained in it. Indeed, the most usual and approved description of the grantee,—that which gives his christian and surname and the town in which he lives, may prove to be imperfect, as others bearing both those names may be living in the same town. And if the christian name or place of residence be omitted, the description is only rendered the more imperfect; it is less certain than it might be, and usually is, made. But a grantee is still designated, though imperfectly, and, for aught that the deed discloses, the party accepting the conveyance may be the only person answering the description given. In all these cases, a resort to extraneous facts and circumstances may become necessary, in order to ascertain the individual, to whom the description was intended to apply; but it is not perceived, that the greater or less probability of this should, in either case, affect the validity of the deed.

It is said by the Master of the Rolls in *Colpoys* v. *Colpoys,* Jacob 451, (partially recited in Cowen & Hill's notes to Philips, p. 1360,) that the omission in a will of the christian name of a devisee, or legatee, does not defeat the bequest; but that evidence is received to identify the person. And I am aware of no decision, which has held otherwise in the case of a deed. A grantee may be described, without even the mention of christian or surname, as by his name of office, or dignity, or by the party's relation to some other person, —as if called the wife, or eldest son, of J. S. All these descriptions are sufficient, on the ground that *id certum est, quod certum reddi potest.* 4 Kent 462. That the omission of the grantee's christian name *may* leave the description so defective, as to render the conveyance void, is, indeed, asserted by Cruise, in the section referred

to by counsel, but asserted in qualified terms.    He follows older books, in which it is said,—that the safe way is to set forth both the christian name and surname ;—" For where the grant intends to describe the person of the grantee by his proper name, and omits or mistakes his christian name, or surname, commonly the deed is void, unless there be some special matter to help it.    And yet, if the grant does not intend to describe the grantee by his known name, but by some other matter, there it may be good, by a description of the person without either name of baptism or surname."    Jacob's Law Dict. Title, Deed.

There is no occasion to speak of a case, where the *surname* is omitted, or where either name is mistaken and a different one substituted ; for no such case is before us.    And when, as in this instance, the surname and place of residence are correctly given, and the christian name is simply omitted, I should be unwilling to receive these *dicta*, (not appearing to be founded upon actual adjudications,) as satisfactory authority for pronouncing the deed void. But, taken with the qualifications expressed, they are not, even in terms, opposed to the validity of this deed.    Here is both special matter to help the description, and an evident design to describe the grantees otherwise than in the usual mode of setting out their respective names.    The union of their surnames alone in the deed indicated the style and name of a partnership, in which their christian names would not be expected to appear ; and evidence was properly received to verify such indication.    That was the name by which they contracted with the defendant and took his note ; and inasmuch as the true surnames constituted the partnership name, we think the mortgage to secure payment of the note might well be taken in that name.

Judgment of county court affirmed.