MARY E. GILLE *vs.* GEORGE M. HUNT and others.

July 7, 1886.

**Deed or Mortgage to Partnership.**—A conveyance or mortgage of real estate, in which a partnership, by its firm name, is named as grantee or mortgagee, operates, in law, only in favor of a partner whose name is in the firm name, and not in favor of a partner whose name is not contained in the firm name.

**Mortgage—Release by Quitclaim Deed.**—A quitclaim deed by a mortgagee of real estate to one having an estate in the land operates as a release of the mortgage in favor of such person.

Appeal by defendants from a judgment of the district court for Hennepin county, where the action was tried by *Young*, J., without a jury. The case is stated in the opinion.

*Gilfillan, Belden & Willard,* for appellants.

A deed or other conveyance of land to a partnership in its firm name vests the legal title to the property in the partners as tenants in common.

*Kellogg* v. *Olson,* 34 Minn. 103, (24 N. W. Rep. 364;) *Printup* v. *Turner,* 65 Ga. 71; *Chicago Lumber Co.* v. *Ashworth,* 26 Kan. 212; *Gearheart* v. *Tharp,* 9 B. Mon. 31; *Low* v. *Graff,* 80 Ill. 360; *Shaw* v. *Loud,* 12 Mass. 447; *Pomeroy* v. *Latting,* 2 Allen, 221; *Look* v. *Kenney,* 128 Mass. 284; *Byam* v. *Bickford,* 140 Mass. 31, (2 N. E. Rep. 687;) *Lindsay* v. *Hoke,* 21 Ala. 542; *Hoffman* v. *Porter,* 2 Brock.

156; *Schumpert* v. *Dillard*, 55 Miss. 348; *Lady Superior* v. *McNamara*, 3 Barb. Ch. 375, (46 Am. Dec. 184;) *Murray* v. *Blackledge*, 71 N. C. 492; *Morse* v. *Carpenter*, 19 Vt. 613; *Sherry* v. *Gilmore*, 58 Wis. 324.

Laws 1881, *c.* 140, has cured any defect in the mortgage to D. B. Dorman & Co.

Poncin could not be a purchaser without notice of the rights of Pinney as a partner in D. B. Dorman & Co. The form of the mortgage put him on inquiry to ascertain who composed the company in the firm of D. B. Dorman & Co., and what interest they had in the mortgage. *Brewer* v. *Browne*, 68 Ala. 210; *Case* v. *Erwin*, 18 Mich. 434; *Carleton College* v. *McNaughton*, 26 Minn. 194; *O'Mulcahy* v. *Holley*, 28 Minn. 31; *Blumenthal* v. *Jassoy*, 29 Minn. 177; *Wilson* v. *Eigenbrodt*, 30 Minn. 4; *Ames* v. *Lowry*, Id. 283; *Merchants' Nat. Bank* v. *Hanson*, 33 Minn. 40; *Solberg* v. *Wright*, Id. 224; *Lakenan* v. *Robards*, 9 Mo. App. 179; *Swarthout* v. *Curtis*, 5 N. Y. 301, (55 Am. Dec. 345;) *Lauffer* v. *Cavett*, 87 Pa. St. 479; *Bergeron* v. *Richardott*, 55 Wis. 129; *Norwalk Nat. Bank* v. *Sawyer*, 38 Ohio St. 339; *Hoxie* v. *Carr*, 1 Sumner, 173, 193.

The quitclaim deed from Dorman to Poncin was inoperative to release the mortgage. *Niggeler* v. *Maurin*, 34 Minn. 118, (24 N. W. Rep. 369;) *Banning* v. *Bradford*, 21 Minn. 308; *Hill* v. *Edwards*, 11 Minn. 5, (22;) *Gale* v. *Battin*, 12 Minn. 188, (287;) *Johnson* v. *Lewis*, 13 Minn. 337, (364;) *Greve* v. *Coffin*, 14 Minn. 263, (345;) *Everest* v. *Ferris*, 16 Minn. 14, (26;) *Benton* v. *Nicoll*, 24 Minn. 221.

*E. E. Witchie* and *Smith & Reed*, for respondent.

A conveyance to a partnership vests no title in it. Parsons on Partnership, \*366; *Tidd* v. *Rines*, 26 Minn. 201; *Morrison* v. *Mendenhall*, 18 Minn. 212, (232;) *German Land Ass'n* v. *Scholler*, 10 Minn. 260, (331;) *Jackson* v. *Cory*, 8 John. 385; *Hall* v. *Leonard*, 1 Pick. 27. The mortgage was in legal effect a mortgage to D. B. Dorman, and Poncin was not bound to look beyond the mortgage to ascertain whether or not other persons than Dorman were interested therein. *Gossett* v. *Kent*, 19 Ark. 602; *Winter* v. *Stock*, 29 Cal. 407; *McMurry* v. *Fletcher*, 24 Kan. 574; *Beaman* v. *Whitney*, 20 Maine, 413; *Morrison* v. *Mendenhall*, 18 Minn. 212, (232;) *Hall* v. *Leonard*, 1 Pick. 27; *Arthur* v. *Weston*, 22 Mo. 378; *Barnett* v. *Lachman*, 12 Nev. 361;

*Jackson* v. *Sisson,* 2 John. Cas. 321; *Holmes* v. *Jarrett,* 7 Heisk. 506; *Moreau* v. *Saffarans,* 3 Sneed, (Ten.) 595, (67 Am. Dec. 582.)

GILFILLAN, C. J.   Action under the statute to determine adverse claims to real estate, each party claiming the title.   July 25, 1856, Jared S. Demmon owned the premises, and on that day executed a mortgage thereon to "D. B. Dorman & Co.," containing the usual power of sale, and which was, on the same day, duly recorded.   October 7, 1856, Demmon conveyed the premises to Peter Poncin, by deed duly recorded the next day.   On the same day, evidently either at the same time of or after the execution of this last deed, D. B. Dorman executed to Poncin a deed of quitclaim and release of the premises, which was recorded October 8, 1856.   Plaintiff claims under Poncin.   "D. B. Dorman & Co." was a partnership under that name, composed of D. B. Dorman and Ovid Pinney, though that fact does not appear to have been stated in the mortgage.   April 15, 1857, Dorman executed to Pinney an assignment of the mortgage, recorded September 13, 1859.   In May, 1864, Pinney proceeded to foreclose the mortgage under the power of sale, signing his name to the notice of sale, "Ovid Pinney, Mortgagee and Assignee."   At the sale he became the purchaser, and received from the sheriff the usual certificate.   The defendants claim under the mortgage and foreclosure.

The case turns mainly on the question, in whom was the legal title to the mortgage,—that is, who was in law the mortgagee?   Was it D. B. Dorman, or was it the partnership or the parties doing business under the name "D. B. Dorman & Co. ?"   A mortgage of real estate, though it is in effect but a lien or security, is in form a conveyance of an estate or interest in land,—*Morrison* v. *Mendenhall,* 18 Minn. 212, (232,)—and must be governed by the same rules as to its execution and validity, and the capacity of the parties, and their proper designation, as are applied to a conveyance.   It has been affirmed in several cases in this court that the legal title to real estate can be held only by a person, or a corporate entity which is deemed such in law; and that, therefore, a partnership cannot, as such, take and hold such legal title.   Thus, in *German Land Ass'n* v. *Scholler,* 10 Minn. 260, (331,) it was decided that the plaintiff, being only a

voluntary association of persons, unincorporated, had no legal capacity to take or hold real property.   The rule was recognized in *Morrison* v. *Mendenhall;* and in *Tidd* v. *Rines,* 26 Minn. 201, (2 N. W. Rep. 497,) it was decided that a conveyance to a partnership by its firm name did not vest in it any legal title or estate, because a partnership, as such, is not recognized in law as a person; so that even had it been stated in the mortgage that the name inserted as the mortgagee was that of a partnership, it would not have made the partnership mortgagee.   Nor, as we think, would the individual partners (other than the one named) be the mortgagee.

It is true that the grantee in a conveyance need not be named, provided he be described with sufficient definiteness and certainty, as where he is indicated by a title, or an office, and there is but one such; as in *Lady Superior* v. *McNamara,* 3 Barb. Ch. 375, (46 Am. Dec. 184,) where a conveyance to " The Lady Superior " of a designated convent was held good to vest the title in a person then lady superior; but the court referred with approval to *Duncan* v. *Beard,* 2 Nott & McCord, 400, in which it was held that a conveyance to one and his "associates" vested title in none but the person named, the term "associates" being too indefinite to carry the title to the persons intended by it.   There are some authorities which seem to hold that such a conveyance would be good to the persons so designated, and that it may be proved by parol who they are; but we think these cases go a great way towards holding that a conveyance of real estate may rest partly in parol; and when we consider the indefinite confusion in titles to real estate—in which there ought to be great definiteness and certainty—such a rule might let in, we do not hesitate to decide that the proposition that such a designation is too indefinite and uncertain rests in better reason and authority.   Where the style of a partnership is inserted as grantee, and it contains the name or names of one or more of the partners, there is no reason why the title should not vest in the partners so named; and the authorities are to the effect that it would.

The legal title to the mortgage in question was, then, in D. B. Dorman.   He was the only person through whom legal title could be made, under the mortgage.

We have not considered, because it is not necessary, how the mortgage would have stood in equity, as in an action to foreclose it; nor how indefiniteness in designating a grantee or mortgagee may be affected by the registry laws.

Although a mortgagee has not such an estate in the land as will pass by a deed of conveyance, and although a quitclaim deed by the mortgagee will not, unless it appears to have been so intended, operate as an assignment of the mortgage interest, it will operate, where made to one having an estate in the land, as a release.    Such, at common law, was the office and effect of a deed of quitclaim and release, and such is the effect which we must presume the parties intended the deed from Dorman to Poncin to have.    The mortgage having been released, the foreclosure proceedings were of no effect.

Judgment affirmed.