P. A. Foster *vs.* James C. Johnson, impleaded, etc.

November 12, 1888.

**Mortgage—Action to Foreclose — Averment of Plaintiff's Title. —** In an action to foreclose a mortgage on real estate, given to secure promissory notes payable to B. & E. (not the plaintiff) or order, an allegation in the complaint that the said mortgage has been duly assigned by the said B. & E., for value received, to this plaintiff, is sufficient to show. plaintiff to be the owner of the notes and mortgage.

**Same—Mortgage to Partnership in Firm Name.—**In an action to foreclose a mortgage, it is no objection that the mortgage runs to a partnership in its firm name, and not to any individual name.

Appeal by defendant Johnson (impleaded with Seth Trowbridge and wife and others) from an order of the district court for Watonwan county, *Severance,* J., presiding, overruling his separate demurrer to the complaint.

*J. W. Seager,* for appellant.

*P. A. Foster,* respondent, *pro se.*

Gilfillan, C. J.   This is an appeal from an order overruling a demurrer to the complaint in an action to foreclose a mortgage upon real estate.   The demurrer was by the defendant Johnson, who, as the complaint alleges, claims to have some right, title, interest, claim, or lien in or to the land, and who has at all times resided and been out of the state.   From the complaint it appears that on December 26, 1871, the defendant Seth Trowbridge executed two promissory notes, both payable to the order of Blake & Elliott, a firm composed of Lucius S. Blake and James Y. Elliott,—the notes falling due, respectively, on the 1st days of January, 1873 and 1874; and at the same time the maker, with his wife, in order to secure said notes, executed to said firm of "Blake & Elliott" the mortgage to foreclose which the action is brought.   The action was brought in September, 1887.   It was brought by M. D. L. Collester, as plaintiff, to whose interest the present plaintiff succeeded.   The allegations showing the original plaintiff's title are these:   "That the plaintiff is the owner and holder of the said promissory notes; that the said mortgage has been duly

assigned by the said Blake & Elliott, their heirs and assigns, for value received, to this plaintiff; and this plaintiff is now the owner and holder thereof." The allegation that the plaintiff is the owner and holder of said promissory notes is insufficient to show a transfer from Blake & Elliott, which the complaint must show in some way in order to show plaintiff's right to maintain the action. But the further allegation that the said mortgage has been duly assigned, etc., although a loose and inartistic way of pleading a transfer of the notes, yet must, as against a demurrer, be held sufficient; for there can be no effectual assignment of the mortgage that does not pass the debt it is given to secure. An attempt to assign the mortgage severed from the debt would be wholly inoperative. So, when it is said the mortgage was duly assigned, it includes an assignment of the debt.

Defendant also makes the point that the mortgage, being given to "Blake & Elliott," a partnership, was ineffectual, and passed no interest in the land; and he cites *Morrison* v. *Mendenhall*, 18 Minn. 212, (232,) and *Tidd* v. *Rines*, 26 Minn. 201, (2 N. W. Rep. 497.) In the first of these cases it was said: "A conveyance of real estate, or of an interest therein, must run to some person;" and that a partnership, as such, is not a person. In the second case the court held that for that reason a conveyance of real estate to a firm by its firm name did not pass the legal title, but that it remained in the grantor, "undoubtedly under a trust for the sole use and benefit of the firm." This proposition would sustain the right of the persons composing the firm of Blake & Elliott to bring an action to enforce the mortgage, (or trust,) a right which the firm could assign. The effect of a conveyance or mortgage of real estate to a firm name was again considered by the court in *Gille* v. *Hunt*, 35 Minn. 357, (29 N. W. Rep. 2;) and it was again affirmed that the legal title to real estate can be held only by a person, or a corporate entity, which is deemed such in law, and that, therefore, a partnership cannot, as such, take and hold such legal title. But the court further decided that the grantee in a conveyance need not be named, provided he be described with sufficient definiteness and certainty; and that, therefore, where the style of a partnership is inserted as grantee, and it contains the name or names of one or more of the partners, the legal title will vest in

the partner or partners named. That rule would sustain this as a mortgage to the partners who are named in the partnership style, if it were necessary in this action that the mortgage should have the characteristics of a conveyance. But, in an action to foreclose, it is only necessary that there should be a lien, and no question can be made that a lien may accrue to a partnership in its firm name. In this respect there is a difference between a foreclosure under the power of sale and a foreclosure by action. In the former case the title must pass by virtue of the mortgage, and the mortgage must be sufficient to operate as a conveyance as soon as the equity of redemption is barred by the sale; but in the latter case the title passes by virtue of the decree, and sale under it. There is no going behind the decree to ascertain if the mortgage was sufficient to operate as a conveyance.

That Johnson, the defendant demurring, has always resided and been out of the state, would, so far as he is concerned, prevent the statute of limitations running against the cause of action, unless it has been running since and by reason of chapter 69, Laws 1887; but, if the case comes under that statute, then the time will not expire before 1889.

Order affirmed.