LOUIS F. MENAGE *vs.* JOHN H. BURKE.

April 30, 1890.

**Mortgage to Partnership in Firm Name.**—A mortgage of real estate to "Farnham & Lovejoy," of a designated place, sustained, as legally sufficient as a mortgage to Sumner W. Farnham and James A. Lovejoy, the members of a partnership engaged in business under the name of "Farnham & Lovejoy."

**Same—Foreclosure under Power of Sale.**— A statutory foreclosure by those persons, under a power of sale contained in the mortgage, sustained.

Appeal by plaintiff from a judgment of the district court for Hennepin county, where the action was tried by *Lochren,* J.

*C. J. Bartleson* and *P. M. Woodman,* for appellant.

*Miller, Young & Akers,* for respondent.

DICKINSON, J.   This is an action to determine adverse claims to real estate.   The plaintiff asserted that title was acquired through a foreclosure by advertisement of a mortgage given in 1878 by one Mayo, the owner of the land, to "*Farnham & Lovejoy, of the county of Hennepin, state of Minnesota.*"   The mortgagees thus designated were the members of a business partnership, their full names being Sumner W. Farnham and James A. Lovejoy; and the mortgage was given to secure an indebtedness of the mortgagor to that firm.   The mortgage contained the usual power of sale in favor of the parties of the second part.   On default the mortgage was foreclosed, in 1880, by the exercise of that power.   The notice of sale, describing the mortgage as given to "Farnham & Lovejoy," contained in parenthesis, immediately following that designation of the mortgagees, the full names of the parties as above given.   It was subscribed, "FARNHAM & LOVEJOY, Mortgagees," and further "BOARDMAN & FERGUSON, Attorneys for Mortgagees."   The sale was made to "Sumner W. Farnham and James A. Lovejoy."   No redemption was made, and the plaintiff has acquired whatever title those purchasers secured through this mortgage and foreclosure.   The defendant claims title under a

sale of the same land, in 1889, under execution upon a judgment recovered against Mayo, the mortgagor, in 1879, subsequent to the recording of the mortgage. We are to decide the question of the legal validity of the mortgage and the statutory foreclosure, in respect to which the only defect suggested is from the manner in which the mortgagees are designated in the mortgage.

From the findings of the court it appears that when the mortgage was given, and when it was foreclosed, Sumner W. Farnham and James A. Lovejoy were partners engaged in business under the firm name of Farnham & Lovejoy; that Mayo, in the course of business transactions with that firm, became indebted to them in the sum of $4,000; and that he gave this mortgage to them to secure the payment of that debt. There have been several decisions of this court in which has been considered the legal effect of deeds and mortgages of real estate in which a mere partnership name or the name of an association had been given as the grantee. *German Land Ass'n* v. *Scholler,* 10 Minn. 260, (331;) *Morrison* v. *Mendenhall,* 18 Minn. 212, (232;) *Tidd* v. *Rines,* 26 Minn. 201, (2 N. W. Rep. 497;) *Gille* v. *Hunt,* 35 Minn. 357, (29 N. W. Rep. 2;) *Foster* v. *Johnson,* 39 Minn. 378, (40 N. W. Rep. 255.) And see *Kellogg* v. *Olson,* 34 Minn. 103, (24 N. W. Rep. 364;) *Townshend* v. *Goodfellow,* 40 Minn. 312, (41 N. W. Rep. 1056.) The general doctrine there expressed as to the insufficiency of such an instrument, unaided by a court of equity, to transfer a legal title, has been declared to be subject to the qualification that where the partnership name thus employed contains the name or names of one or more of the partners, the instrument will have legal effect as a conveyance or mortgage to the partner or partners thus named. *Gille* v. *Hunt, supra; Foster* v. *Johnson, supra; Morse* v. *Carpenter,* 19 Vt. 613; *Beaman* v. *Whitney,* 20 Me. 413; *Sherry* v. *Gilmore,* 58 Wis. 324, (17 N. W. Rep. 252;) *Jones* v. *Neale,* 2 Pat. & H. 339. This controls the decision of this case. While it is necessary to the legal validity of such instruments that there be a grantee having a legal existence, capable of taking, and certainly designated, or so designated that his identity can be certainly ascertained, these conditions are complied with in this case; resort being had, as may be done, to facts beyond the instrument for the purpose

of applying the description or designation of the persons named to the persons so described. *Wakefield* v. *Brown,* 38 Minn. 361, (37 N. W. Rep. 788;) *Morse* v. *Carpenter, supra.* By this means it was ascertained that the "Farnham" and "Lovejoy," "of the county of Hennepin and state of Minnesota," named in the mortgage as the "parties of the second part," were the persons of those names who were the members of the business copartnership of Farnham & Lovejoy, that is, Sumner W. Farnham and James A. Lovejoy. With this light thrown upon the instrument, it is most reasonable to construe it as made to the two persons thus named, and not merely to the partnership, in the sense of the business relation existing between those persons. Our conclusion is that the mortgage was effectual in law, and that the statutory foreclosure by the exercise of the power of sale was valid.

Judgment reversed, and judgment directed for the plaintiff.