(111 N. W. 609.)

----

### E. E. COOK v. S. M. LOCKERBY.

Opinion filed February 20, 1907.

**Mortgage — Sufficiency of Notice of Foreclosure.**

1. An affidavit of publication of notice of sale in proceedings to foreclose a real estate mortgage, which recites that such notice was published "seven successive times, commencing on July 17, 1885, and ending on August 28, 1885, both inclusive, in the Lisbon Star, a weekly newspaper," is sufficient proof that it was published once in each week for six successive weeks, as required by Comp. Laws 1887, section 5414.

**Same — Names of Mortgagees.**

2. The mortgagees in such mortgage were designated under their firm name of Cook & Dodge, and, notwithstanding this fact, a statutory foreclosure thereof is sustained.

Appeal from District Court, Barnes County; *Glaspell,* J.

Action by E. E. Cook against S. M. Lockerby and others. Judgment for plaintiff, and defendant Lockerby appeals.

Affirmed.

*Turner & Wright,* for appellant.

An affidavit that a mortgage foreclosure notice was published in "a weekly newspaper * * * * * seven times, commencing

on the 17th day of July, A. D. 1885, and ending on the 28th day of August, A. D. 1885," is not equivalent to proof that it was published "for six weeks at least once in each week." Ullman v. Lion, 8 Minn. 381 (Gil. 338); Prince George's County Commissioners v. Clark, 36 Md. 206; Golcher v. Brisbin, 20 Minn. 453 (Gill. 407); Perrin v. Felters, 35 Mich. 233.

A partnership as such is not such a legal entity as may hold title to real estate, 22 A. & E. Enc. of Law (2nd Ed.) 75; Morrison v. Mendenhall, 18 Minn. 232 (Gill. 212); Kellogg v. Olson, 24 N. W. 364; Tidd v. Rines, 2 N. W. 497.

*John E. Green,* for respondent.

The facts, that the paper was a weekly publication, that the dates of the first and last publications are given, in the absence of a showing that the notice was not given, are sufficient to establish a legal publication. Iowa State Bank v. Jacobson, 66 N. W. 453.

Foreclosure by advertisement of a mortgage to a firm in its firm name is sufficient. Menage v. Burke, 45 N. W. 155.

Where one claiming title by foreclosure, takes possession of the mortgaged premises under such claim, although a mortgagee in possession, such possession is adverse, and puts the statute of limitations in motion. Nash v. Northwest Land Co., 108 N. W. 792, 15 N. D. 566; Russell v. Akeley Lumber Co., 48 N. W. 3; Rogers v. Benton, 39 Minn. 39.

Fisk, J. This is an action to determine adverse claims to certain real property in Barnes county. The appellant, Lockerby, one Moses Vachon, and all persons unknown claiming any interest in the real property in dispute, were made defendants. The defendant Vachon filed a disclaimer, and the action was dismissed as to the unknown defendants. Judgment was rendered in plaintiff's favor in the District Court, adjudging him to be the owner in fee of the land described, and also adjudging that neither of the defendants has any right, title, or interest in such land, and quieting the title thereto in plaintiff. From this judgment the defendant Lockerby appealed to this court, and asked a review of the entire case.

The facts, briefly stated, are as follows: On September 14, 1882, the defendant, Moses Vachon, being the owner in fee of the property in dispute and being indebted to the co-partnership of Cook & Dodge, of Davenport, Iowa, in a large sum, executed and delivered

his mortgage upon the property in question to such co-partnership in its firm name of Cook & Dodge, such co-partnership consisting of E. E. Cook, the plaintiff herein, and one F. L. Dodge, to secure such indebtedness. Such mortgage contained the usual power of sale in case of default. In October, 1884, defendant Lockerby acquired title to the property by deed of conveyance from defendant Vachon and wife, and is now the owner thereof, unless he was divested of such title by the foreclosure of the mortgage above mentioned, executed by his grantor; and this brings us to the real controversy between these parties, which is as to the validity of these foreclosure proceedings. In July, 1885, proceedings were instituted by the firm of Cook & Dodge to foreclose said mortgage by advertisement under the power of sale contained in said mortgage, and pursuant thereto notice was caused to be published in the Lisbon Star, a weekly newspaper of general circulation published at Lisbon, in said county. As stated in the affidavit of publication, such notice was published "seven consecutive times, commencing on the 17th day of July, 1885, and ending on the 28th day of August, 1885, both inclusive." The notice, as published, was signed: "Cook & Dodge, Mortgagees. Francis & Francis, Attorneys for Mortgagees." The plaintiff, Cook, was the purchaser at the foreclosure sale, and in due time acquired a sheriff's deed under such foreclosure.

Two objections are made to the validity of this foreclosure. It is appellant's contention that the affidavit of publication is fatally defective, because it fails to recite that the notice was published "once in each week for six successive weeks," as required by law at the date of such foreclosure, and that a statement in the affidavit that such notice was published "seven successive times, commencing on July 17, 1885, and ending on August 28, 1885, both inclusive," is not the equivalent thereof. The affidavit recites that the newspaper, "the Lisbon Star," is a weekly newspaper, and that the printed notice thereto annexed was printed therein "seven consecutive times, commencing on the 17th day of July, 1885, and ending on the 28th day of August, 1885, both inclusive." We think the affidavit was sufficient. The expression "weekly newspaper" can have but one meaning, which is that it is a paper published once in each week, and a statement in the affidavit of publication that the notice was published in such paper seven successive times, commencing on July 17th and ending on August 28th, both inclusive, unquestionably means that such notice was published in each issue of such paper

between said dates, or, in other words, that it was published once in each week during such time. In the absence of proof to the contrary, we think it should be presumed that said paper, as its name implies, was published once in each week during the time in question. The Supreme Court of South Dakota in Bank v. Jacobson, 8 S. D. 292, 66 N. W. 453, had occasion to pass upon a similar question, and we unhesitatingly approve the reasoning of that court. In that case, as in this, the sufficiency of an affidavit of publication was challenged. It recited that the summons was published in a weekly newspaper for "seven successive issues, to wit: The first publication being made on December 25, 1891, and the last publication on February 5, 1892." We quote from the opinion as follows: "Commencing on December 25, 1891, and concluding on February 5, 1892, the summons was published in a weekly newspaper for seven successive issues. The ordinary acceptation of the expression "weekly newspaper" unerringly conveys the idea of a paper issued once a week, and the phrase 'for seven successive issues,' when used with reference to publication in a weekly newspaper simply means that such publication appeared in the columns thereof once each week for seven successive weeks; and when the date of the first and last publication is given, as in the affidavit before us, the above conclusion is irresistible."

It is appellant's second contention that the foreclosure proceedings were void for the reason that the published notice of sale recited the names of the mortgagees as "Cook & Dodge" merely, without disclosing the Christian names of the partners in such firm, and that the notice was signed in the same manner. Subdivision 1 of section 5415, Comp. Laws 1887, in force at the date of this foreclosure, provides that the notice of sale must specify "the names of the mortgagor and the mortgagee." Was the notice in conformity with such statute? Counsel concede, for the purposes of this case, that the mortgage of real estate taken in the name of a firm is effectual to create a lien upon the premises for the benefit of the members of the partnership; but they argue that such a mortgage cannot be foreclosed by advertisement under the power of sale, but must be foreclosed by action, in which the names of the persons composing the partnership must be alleged and proved, and, finally, they argue that, even if it may be foreclosed by advertisement, still, in any event, it cannot be so foreclosed unless the published notice of sale shows the full names of the mortgagees, citing Gille v. Hunt, 29

N. W. 2, 35 Minn. 357, and Foster v. Trowbridge, 40 N. W. 256, 39 Minn. 378. The first case cited furnishes no light upon the question here involved. In that case the mortgage ran to "D. B. Dorman & Co.," and the case turned mainly on the question, in whom was the legal title to the mortgage? In other words, who was in law the martgagee? Was it D. B. Dorman, or was it the partnership, or the individuals composing the firm of D. B. Dorman & Co.? And the court held that D. B. Dorman was the only person through whom legal title could be made under the mortgage, and hence that he held the legal title. The point here under consideration was not involved in that case. The case of Foster v. Trowbridge does not support appellant's position. In that case the mortgage ran to the firm of Blake & Elliott. The point was made that the mortgage, being given to a partnership, was ineffectual, and passed no interest in the land, and, after reviewing prior decisions in that state holding that a conveyance or mortgage of real estate cannot be made to a partnership as such, but must be made to some person, for the reason that a partnership, as such, cannot take and hold the legal title to real estate, the court said: "But the court further decided that the grantee in a conveyance need not be named, provided he be described with sufficient definiteness and certainty, and that, therefore, where the style of a partnership is inserted as grantee, and it contains the name or names of one or more of the partners, the legal title will vest in the partner or partners named. That rule would sustain this as a mortgage to the partners who are named in the partnership style, if it were necessary in this action that the mortgage should have the characteristics of a conveyance." As we construe this language, there is nothing holding that such a mortgage as the one in the case at bar could not be foreclosed by advertisement.

In the later case of Menage v. Burke, 45 N. W. 155, 43 Minn. 211, 19 Am. St. Rep. 235, the same court, in unmistakable language, put at rest the question in that state. In that case the question of the right to foreclose such a mortgage by advertisement was squarely before the court, and that tribunal, after referring to numerous prior decisions of that court bearing upon the question, said: "The general doctrine there expressed as to the insufficiency of such an instrument, not aided by a court of equity, to transfer a legal title, has been declared to be subject to the qualifications that, where a partnership name thus employed contains the name or names of one

or more of the partners, the instrument will have legal effect as a conveyance or mortgage to the party or parties thus named. This controls the decision of this case. While it is necessary to the legal validity of such an instrument that there be a grantee having a legal existence, capable of taking, and certainly designated or so designated that his identity can be certainly ascertained, these conditions are complied with in this case; resort being had, as may be done, to facts beyond the instrument for the purpose of applying the description or designation of the persons named to the persons so described. Wakefield v. Brown, 38 Minn. 361, 37 N. W. 788, 8 Am. St. Rep. 671; Morse v. Carpenter, 19 Vt. 614. By this means it was ascertained that the 'Farnham' and 'Lovejoy,' of the county of Hennepin and state of Minnesota,' named in the mortgage as the 'parties of the second part,' were the persons of those names who were the members of the business copartnership of Farnham & Lovejoy; that is, Sumner W. Farnham and James A. Lovejoy. With this light thrown upon the instrument it is most reasonable to construe it as made to the two persons thus named, and not merely to the partnership, in the sense of the business relation existing between those persons. Our conclusion is that the mortgage was effectual in law, and that the statutory foreclosure by the exercise of the power of sale was valid."

In the published notice of sale in the above case the full names of the partners were given in parenthesis immediately following the partnership name; but we do not consider that this fact differentiates the two cases, nor was that fact emphasized as important in the decision of that case. We do not think that more exactness was required in designating the mortgagees in the notice of sale than was required in designating them in the mortgage, and, if the designation in the mortgage was insufficient, it could not be cured or aided by a proper designation in the notice of sale. We are of the opinion, and so hold, that the foreclosure proceedings were valid, and operated to divest defendants of their title and vest the same in plaintiff.

The judgment of the district court was therefore correct, and is accordingly affirmed. All concur.