GEORGE B. CLOSE v. O'BRIEN & COMPANY ET AL., Appellant.

Intoxicating liquors: MULCT SALOON: STATEMENT OF CONSENT. The title to real property taken in the name of a partnership is held by the individual members thereof as tenants in common, each of whom are freeholders, and each of whom must sign a written statement of consent to the location of a saloon within fifty feet of such property, to bring the statement within the provisions of the mulct law.

*Appeal from Buchanan District Court.*— HON. F. C. PLAT, Judge.

WEDNESDAY, JULY 3, 1907.

SUIT in equity to enjoin the defendants from operating a nuisance. There was a decree granting a permanent injunction, from which the defendants appeal.— *Affirmed.*

*E. E. Hasner,* for appellants.

*Cook & Cook,* for appellee.

SHERWIN, J.— This suit was brought by the plaintiff to enjoin the defendants from operating a saloon where intoxicating liquors were dispensed. One of the allegations of his petition was that the defendants had not obtained the written consent of all the resident freeholders owning property within fifty feet of the saloon so conducted by the defendants. The petition also questioned the sufficiency of the consent given by the city council of Independence, and raised one or two other minor questions, which it will be unnecessary to consider because of the disposition we make of the principal question involved. The plaintiff was for many years a member of a business partnership, doing business under the firm name of Close & Asmus, and during this time the partnership bought real estate located within fifty feet of the saloon in question, taking the title thereto in the name of Close & Asmus. The plaintiff was asked to give his consent to the operation of the saloon in question, but refused to do so, and thereupon his former partner signed the statement of consent in the firm name, and acting thereon, the defendants have been conducting the business in question. So far as this branch of the case is concerned, the question is presented whether the statement so signed by Asmus in the firm name is sufficient to protect the defendants under the statute, and a solution of this question must necessarily depend upon whether the plaintiff is a freeholder within the county and an owner of an interest in the property deeded to the partnership. Subdivision 2 of section 2448 of the Code provides that a person conducting a saloon shall file a written statement of consent from all the resident freeholders owning property within fifty feet of the building where said business is carried on.

So far as the record before us discloses, the only real property owned by the plaintiff within the city of Independence is his interest, whatever it may be, in the lot in question, and the appellant contends that his interest therein is not such as to make him a freeholder or an owner within

the meaning of the statute.   It is a well-recognized principle
of law that only a person or an artificial body having a legal
entity can hold the legal title to real estate, and hence a part-
nership, not being in law a person, cannot as such partnership
hold such legal title.   22 Am. & Eng. Enc. of Law, 93, and
cases cited; *Riddle v. Whitehill,* 135 U. S. 621 (10 Sup. Ct.
924, 34 L. Ed. 283).   But it is equally as well settled that
where real estate is in fact owned by the parnership, but is
conveyed to the partners in their individual names, it is held
by them as tenants in common.   And, where the partnership
name consists of the name of one person or partner and com-
pany, a conveyance of real estate to the partnership under
such name will vest the legal title in the partner whose name
is given, and, of course, he holds it in trust for the benefit
of the partnership.   *Riddle v. Whitehill, supra; Percifull v.
Platt,* 36 Ark. 464; *Winter v. Stock,* 29 Cal. 407 (89 Am.
Dec. 57); *Menage v. Burke,* 43 Minn. 211 (45 N. W. 155,
19 Am. St. Rep. 235); *Holmes v. Jarrett,* 7 Heisk. (Tenn.)
506; *Powers v. Robinson,* 90 Ala. 225 (8 South. 10); *Cot-
ton Oil Co. v. Henshaw,* 89 Ala. 448 (7 South. 760); Wash-
burn on Real Property, 666.

We think the conveyance in the instant case falls within
the rule above stated, and not within the rule of the cases
where the partnership name did not contain the name of any
of the members of the firm.   The conveyance here was to
Close & Asmus, who were members of the firm and the only
members thereof.   It is true that the Christian name of
neither was given in the conveyance, but this we think was
not fatal to the vesting of the legal title in them, subject, of
course, to the partnership debts and the rights of the parties
between themselves upon a final settlement of the partner-
ship affairs.   It is a well-recognized rule that the grantee in
a deed may, under certain conditions, be identified by ex-
trinsic evidence, and, where the grantee may be identified by
parol or by other evidence, a conveyance will vest the legal
title as completely and as surely as if he were fully identified

by the conveyance. itself. *Holmes v. Jarrett, supra; Ward v. Epsy,* 6 Humph (Tenn.) 447; Am. & Eng. Enc. *supra;* 9 Am. & Eng. Enc. of Law, 133, and cases cited; *Staak v. Sigelkow,* 12 Wis. 234; *Middleton v. Findla,* 25 Cal. 80; *Lyon v. Kain,* 36 Ill. 362; *Newton v. McKay,* 29 Mich. 1; *Irwin's Heirs v. Longworth,* 20 Ohio, 581; 13 Cyc. 539. If it be true that Close is a tenant in common in the land in question, he is clearly a freeholder and an owner within the meaning of the statute in question, and his consent was necessary. This conclusion disposes of the case, and renders the consideration of the other questions raised wholly immaterial.

The judgment of the district court is right, and it is *affirmed.*