CASES DECIDED

BY THE

# SUPREME COURT

OF THE

## TERRITORY OF HAWAII

J. A. M. OSORIO *v.* FRED PATTERSON.

No. 1424.

APPEAL FROM CIRCUIT JUDGE FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

ARGUED FEBRUARY 14, 1923.　　　　DECIDED MARCH 15, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

PUBLIC LANDS—*mortgages—assignment.*

A mortgage of a homestead can not be assigned without the consent in writing of the commissioner of public lands and the governor.

SAME—*transfer of interests in public lands.*

The inhibition against the transfer of interests in public lands contained in section 73 of the Organic Act applies to assignments of mortgages.

PLEADING—*bill to foreclose mortgage—allegations—demurrer.*

Where the bill in a suit brought by the alleged assignee of a mortgage of a homestead does not allege that consent in writing to the assignment has been given by the commissioner of public lands and the governor, a demurrer interposed thereto on that ground is well taken and should be sustained.

OPINION OF THE COURT BY LINDSAY, J.

Complainant filed his amended bill against respondent in the fourth circuit court praying for the foreclosure of a mortgage, alleging that on October 15, 1921, respondent, to secure the payment of his promissory note of the same date for $10,000, made, executed and delivered to the People's Bank, Ltd., a mortgage conveying to said bank, as mortgagee, all of the right, title and interest of respondent in and to certain homesteads situate at Waiakea, Hawaii, which homesteads respondent held by virtue of a Special Homestead Agreement from the Territory of Hawaii. Attached to the bill and made a part thereof was a copy of the mortgage, on which was endorsed the consent of the commissioner of public lands and the governor of the Territory to the execution of said mortgage. The bill further alleged that in consideration of $10,000 paid by complainant to the mortgagee "the said mortgagee *by a due and proper assignment*" (italics ours) "conveyed and assigned to complainant the said mortgage * * * and that complainant is now the owner and holder of the said mortgage," etc. No copy of the alleged "due and proper assignment" was attached to the bill.

Respondent demurred to the bill on sundry grounds, two of such grounds being: that said amended bill is insufficient in that it does not appear therefrom that complainant has any right, title or interest in and to the mortgage therein sought to be foreclosed; and that said amended bill is insufficient in that it does not set out the alleged assignment from the People's Bank, Ltd., to complainant or show that the said alleged assignment is a valid and legal assignment or the terms thereof.

The circuit judge overruled the demurrer, whereupon respondent answered, admitting the execution of the note and mortgage but denying his liability to complainant thereunder, upon various grounds, the chief of which being that complainant was not the owner and holder of

said mortgage because the purported assignment of the same to complainant was void for lack of consent thereto by the commissioner of public lands and the governor.

After hearing, the circuit judge filed his decision in favor of complainant, pursuant to which a decree was entered for foreclosure of the mortgage as prayed for, from which decree respondent has brought the case here on appeal.

Respondent contends that the circuit judge erred in overruling the demurrer interposed to the bill because it is not alleged in said bill that the assignment, under which complainant claims title to the mortgage, was consented to by the governor and commissioner of public lands; neither is a copy of the assignment set out in the bill or attached thereto, nor is it alleged whether the assignment in question was oral or in writing.

Should the circuit judge have sustained the demurrer on the grounds urged?

In a bill for the foreclosure of a mortgage, brought by one claiming as assignee, as in other cases, the bill must show a *prima facie* title in the plaintiff. It is not usually necessary, however, to set out the assignment by which he acquired title, and a general allegation that the note and mortgage had been "duly assigned" to the plaintiff is sufficient. See 9 Ency. Pl. & Pr. 383 and cases cited; for example, the allegation in *Foster* v. *Johnson,* 39 Minn. 378, was "That the plaintiff is the owner and holder of the said promissory notes; that the said mortgage has been duly assigned by the said Blake & Elliott, their heirs and assigns, for value received, to this plaintiff; and this plaintiff is now the owner and holder thereof," and this allegation was held good on demurrer, although the court remarked that the allegation that "the said mortgage has been duly assigned" was "a loose and inartistic way of pleading a transfer." In *Slaughter* v. *Foust,* 4 Blackf.

(Ind.) 379, 380, an action brought by an assignee to fore-close a mortgage, the allegation in the bill was that Fleming for value received "assigned and indorsed to Slaughter the notes, and ordered and appointed the payment thereof to be made to him." Upon demurrer this allegation was held sufficient, the court saying: "No formality is necessary to effect this species of transfer; any transaction between the contracting parties which indicates their intention to pass the beneficial interest in the instrument from one to the other is sufficient for that purpose."

All of the cases, however, which hold informal allegations of the assignment sufficient to show title in the assignee, have been cases in which the subject-matter of the mortgage has been privately owned property, title to which might be transferred by the sole act of the owner and no act or consent upon the part of others being required in order to give validity to a transfer of title. As said in *Slaughter* v. *Foust, supra,* in such cases "no formality is necessary to effect this species of transfer." In the instant case, however, the subject-matter of the mortgage sought to be foreclosed is public lands of the Territory, a transfer of an interest in which may only be made upon compliance with certain prescribed formalities, viz., the consent in writing of the commissioner and governor.

Section 73 of the Organic Act (Secs. 354 and 355, R. L. 1915) provides, "No land for which any such certificate, lease, or agreement shall hereafter be issued, or any part thereof or interest therein or control thereof shall, without the written consent of the commissioner and governor, thereafter, whether before or after a homestead lease or patent has been issued thereon, be or be contracted to be, in any way, directly or indirectly, by process of law or otherwise, conveyed, mortgaged, leased or otherwise trans-

ferred to or acquired or held by or for the benefit of any alien or corporation; or, before or after the issuance of a homestead lease or before the issuance of a patent, to or by or for the benefit of any other person; or, after the issuance of a patent to or by or for the benefit of any person who owns, holds, or controls, directly or indirectly, other land or the use thereof the combined area of which and the land in question exceeds eighty acres: Provided, That these prohibitions shall not apply to transfers or acquisitions by inheritance or between tenants in common. Any land in respect of which any of the foregoing provisions shall be violated shall forthwith be forfeited and resume the status of public land and may be recovered by the Territory or its successors in an action of ejectment or other appropriate proceedings."

Is the assignment of a mortgage of homestead lands such a conveyance or other transfer of said homestead as to require the consent of the commissioner and governor? The language of section 73 of the Organic Act would seem to leave no reason to doubt that such consent is required. By the plain language of section 73, without the consent in writing of the commissioner and governor, no homestead land or any part thereof, or *interest therein,* or *control thereof* shall be in any way, *directly or indirectly,* by process of law or *otherwise,* conveyed, mortgaged, leased, or otherwise transferred to any person. If it were the specific intention of Congress to make an assignment of a mortgage of homestead lands invalid without the consent in writing of the officials named, it is difficult to conceive how plainer or more emphatic language could have been resorted to. Under the terms of the act, without the consent of the commissioner and governor, neither the land itself, nor any part thereof or interest therein or control thereof may be conveyed, mortgaged, leased or *otherwise transferred* and while it may

be argued that an assignment of a mortgage does not convey or otherwise transfer the land itself or any part of the land, an assignment clearly does convey an interest or control in such land. The mortgage on its face expressly conveys to the bank all the right, title and interest which the respondent owns "by virtue of a Special Homestead Agreement * * * in and to that certain piece, parcel and lot of land * * * containing an area of 35 acres." It is clear that the foregoing conveyance would not have been valid without the consent in writing of the commissioner and governor. It is obvious that what the bank attempted to convey to complainant was exactly what it had acquired from respondent, viz., the interest of said respondent in the homestead land, hence the attempted assignment was as much a transfer of an interest in the homestead land as was the original mortgage itself and, under the sweeping language of the Organic Act, neither the right, the title, nor the interest of either the homesteader or the bank could be conveyed or otherwise transferred without the consent in writing of the commissioner and governor. To hold otherwise in the face of the plain intent of the Organic Act would be tantamount to holding that after one consent had been given by the government officials to the conveyance, mortgage, lease, or other transfer of a homestead, the first taker of such conveyance, mortgage, lease, or other transfer, and all future takers could at any time thereafter and without the consent of the government officials convey, mortgage, lease or otherwise transfer the said homestead and thus defeat the purpose of the restrictions contained in the Organic Act.

The allegation in the bill under which complainant seeks to show title in himself is that, "the mortgagee by a due and proper assignment, conveyed and assigned to complainant the said mortgage." But a conveyance and

assignment of the mortgage by the mortgagee alone is not sufficient to vest title to the mortgage in complainant. The consent of the commissioner and governor to the assignment was vital. In order to obtain the relief prayed for complainant must prove that the alleged assignment is valid in all respects and being thus required to prove the assignment it follows that he must properly allege the same.

In the case of *Republic of Texas* v. *Thorn,* 3 Tex. 499, it appeared that the consent of certain government officials was necessary to support a title for land alleged to have been acquired from the Republic of Texas. It was held that a petition seeking to establish title to such land was fatally defective in that it was not specifically alleged that the assent of the necessary officials had been obtained; and the case of *Moran* v. *Bonynge,* 107 Pac. (Cal.) 312, is illustrative of the attitude of courts in respect to allegations in complaints or petitions concerning ownership in public lands. In that case petitioner as assignee of Davis, the original applicant, seeking to establish a right to purchase state lands, in his petition averred, that the application of Davis was in due form and that the applicant became the purchaser and entitled to the possession of the land and to receive a patent therefor in due course. The court in sustaining a demurrer interposed to the petition, held that the foregoing allegations were mere conclusions of law and insufficient to show a right in petitioner to maintain his action, the court saying: "This does not aver that Davis was a citizen of the United States, or that he had filed a declaration of intention to become a citizen, nor that he was a resident of the state, nor that he was of lawful age, nor that there was at the time no adverse occupation of the land, nor that the land was not susceptible of cultivation, nor that Davis had not entered other lands of the same class,

which, with the land applied for would exceed 640 acres. All these facts were necessary to show that Davis was a qualified purchaser as the law stood at and ever since the time of his application."

It not appearing from the bill herein that the consent in writing of the commissioner and governor was had to the purported assignment the demurrer should have been sustained.

The decree appealed from is reversed and the case remanded to the circuit judge with instructions to sustain the demurrer interposed on behalf of respondent.

*C. S. Carlsmith* for complainant.

*A. G. M. Robertson* and *C. S. Davis* (*Brown, Cristy & Davis* and *Robertson & Castle* on the briefs) for respondent.