A. F. SWANSTROM *vs.* KARL O. BALSTAD *et al.*

Submitted on briefs, Nov. 4, 1892. Decided Nov. 12, 1892.

**Usury—Retention of Sum for Services Rendered.**

> Upon a loan of money, the retaining by the lender, with the assent of the borrower, of a sum out of the amount loaned, for services rendered by the lender to the borrower, and not for the use of the money, does not make the transaction usurious.

**Finding Supported by the Evidence.**

> Evidence *held* to support the finding of fact.

Appeal by defendants, Karl O. Balstad, and Gina H. Balstad, from a judgment of the District Court of St. Louis County, *Ensign,* J., entered March 16, 1892.

This action was brought by the plaintiff, A. F. Swanstrom, against the defendants, to foreclose a mortgage on Lot three, (3,) Block twenty-four, (24,) First Division of West Duluth, St. Louis County, made by defendants and delivered to plaintiff, to secure a note for $300, dated on the same day, due ninety days thereafter, with interest at ten per cent. The defense was usury. It was admitted that defendants received but $290 of the loan for which the note was given, but plaintiff claimed that the ten dollars was allowed him for previous services he had rendered for defendant, Karl O. Balstad; Balstad testified that the ten dollars was retained as additional interest. The court found in favor of the plaintiff, and ordered judgment of foreclosure. This was entered, and defendants appeal.

*Hill & De Vore,* for appellants.

*J. B. Douglas,* for respondent.

GILFILLAN, C. J. The finding of the court below that the $10 was retained by plaintiff out of the $300 loaned, as payment for services rendered by him to defendants, and not for the use of or forbearance upon the money loaned, is, if sustained, conclusive that the transaction was not usurious; and such was the fact if the plaintiff's testimony that defendants allowed and paid the $10 to him for

trouble incurred and favors done by plaintiff on behalf of and to defendants in previous transactions was true; and which version—the plaintiff's or defendants'—was true, was for the trial court to say.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 648.)