SOCIETY OF THE MOST PRECIOUS BLOOD *vs.* BONIFARTZ MOLL.

Argued Oct. 31, 1892.   Decided Nov. 12, 1892.

**Wills—Devise Held Void for Uncertainty of Devisees.**

 A devise of real estate describing the devisees only as "those members of the 'Society of the Most Precious Blood,' who are under my control, and subject to my authority, at the time of my death," is void, because not pointing out with sufficient certainty the persons who are to take.

Appeal by plaintiff, The Society of the Most Precious Blood, from an order of the District Court of Otter Tail County, *Searle,* J., made January 10, 1891, refusing a new trial.

Joseph M. Albrecht, a resident of Otter Tail County, made his will May 31, 1870.  ‸ e died March 4, 1884.   At the time of his death, Albrecht was the owner of one hundred and ninety-six acres of land in Otter Tail County.   The will, as far as is material to this case, was as follows: "After the payment of my debts, I give, devise and bequeath forever, all my property of whatever kind, real, personal or mixed, *to those members, both brothers and sisters, of the Society of the Most Precious Blood, who are under my control and subject to my authority at the time. of my death.*   The aforesaid brothers and sisters of said society shall at my death appoint from among their number, (in case I do not make such appointment previous to my death,) three persons who shall be trustees, to take and receive said property so devised to said society.   I further direct that all of my property herein devised shall be held in common by all the members of said society as above described, and by their successors and by all others who may join said society, subject to my control as aforesaid, here-

after, forever, but in no case is to descend to any of the natural heirs of any of the members of said society. And I further direct that all of my said property, and the proceeds thereof, is to be used by said society in an humble and meek way, not in luxury, pride or self-esteem, but to be used, and the brothers and sisters, members of said society, to live, according to the rules as first laid down and practiced in the beginning and founding of said society. The benefits of all my property herein devised and bequeathed, shall inure as well to all who may at any time hereafter join the said society, as to those who may be members thereof at my death, all of my property herein devised and bequeathed to be used for the support and benefit of said ʻOrderʼ or ʻSociety of the Most Precious Blood,ʼ for the support of the members thereof, when necessary for the founding of more permanent homes or houses for said society, and for the support of the poor and needy whom said society can relieve in a benevolent manner. I hereby nominate and appoint the three trustees who may be selected as I have already directed at my death, executors of this, my last will and testament." * * * "I further direct that the three trustees selected in accordance with this, my last will and testament, and their successors, who shall be selected by said society in case of death of any of them, shall have full power at all times hereafter, to sell and convey any real estate which may descend to said society by virtue of this, my last will and testament, and to make deeds for any lands so sold, and give as full and perfect title and conveyance of any land so sold as I could do if alive."

February 11, 1884, the testator made a codicil to the will, by which he appointed "the following named persons as trustees or executors of my last will and testament: Victor Eifert, Christopher Silbernagel, and Anthony Bender, who shall in all things fully execute all things to be done and performed in my last will and testament."

This will was admitted to probate in Otter Tail County May 2, 1884, and on July 18, 1884, the Probate Court made a final decree assigning the estate of the testator to "the said members, both brothers and sisters, of the ʻSociety of the Most Precious Blood,ʼ

and their successors, under and by virtue of the said last will and testament of the said Joseph M. Albrecht, deceased."

The "Society of the Most Precious Blood" was at the time the will was made and until May 12, 1887, an unincorporated religious and charitable association in this state. On that date the executors named in the codicil executed articles of incorporation of a society under that name, under the laws of Oregon, and that corporation is the plaintiff herein. This action was commenced against the defendant Bonifartz Moll, to recover the possession of the land which the will purports to devise. At the close of the trial, the court directed a verdict for the defendant, holding that the plaintiff had shown no title to the land. A motion for a new trial was denied, and plaintiff appeals.

*H. F. Woodard,* and *E. E. Corliss,* for appellant.

The devise is for a religious, charitable purpose, and the devisee need not have been incorporated. 4 Kent's Com. (11th Ed.) § 596; Washburn, Real Prop. (3d Ed.) § 436; *Going* v. *Emery,* 16 Pick. 107. In the case cited the devise was "to the cause of Christ, for the benefit and promotion of true evangelical piety and religion." The devisee is not uncertain when compared with those held valid in the following cases: *Dodge* v. *Williams,* 46 Wis. 70; *Treat's Appeal,* 30 Conn. 113; *Carter* v. *Balfour,* 19 Ala. 814; *Succession of Franklin,* 7 La. Ann. 395; *Preachers' Aid Society* v. *Rich,* 45 Me. 552; *Gould* v. *Taylor Orphan Asylum,* 46 Wis. 106.

The only point is, who are the trustees? Are the members of the society, or the persons named as such in the codicil? A reasonable construction of the whole will will settle this question in favor of the last named persons. If not, the provisions are repugnant to each other, and the latter would prevail. *Robert* v. *West,* 15 Ga. 122.

*Arctander & Arctander* and *James O. Pierce,* for respondent.

Appellant was not entitled to maintain this action, because it was not in existence at the time of the execution of the will, the probate thereof, or the final decree. The devise and the decree were to the members of a society as individuals. No conveyance from the dev-

isees to the plaintiff was shown, nor were the devisees shown to be the incorporators.

While the will made provision for the appointment of trustees for certain limited purposes, it did not devise the land to competent trustees for charitable purposes. It is a direct devise to an undefinable and unascertainable class of persons. The devise is void for want of known and certain devisees. *Heiss* v. *Murphy,* 40 Wis. 276; *Ruth* v. *Oberbrunner,* 40 Wis. 238; *German Land Ass'n* v. *Scholler,* 10 Minn. 331, (Gil. 260;) *Gille* v. *Hunt,* 35 Minn. 357; *Tidd* v. *Rines,* 26 Minn. 201.

GILFILLAN, C. J. The action being in ejectment, of course the plaintiff must show itself the legal owner of the real estate. This it claims to be under a devise in the last will and testament of Joseph M. Albrecht to "those members, both brothers and sisters, of the Society of the Most Precious Blood, who are under my control, and subject to my authority, at the time of my death;" and a decree of the probate court assigning the property to "the said members, both brothers and sisters, of the Society of the Most Precious Blood, and their successors;" and articles of incorporation adopted by the three executors of the will for the incorporation of the plaintiff in the state of Oregon. At the time of executing the will and of the death and of the entry of said decree, and until the subsequent adoption of the articles of incorporation, the Society of the Most Precious Blood appears to have been a merely voluntary association, and there is nothing in the will to indicate that the devisor contemplated its incorporation.

Of the decree of the probate court it is enough to say that, if the devisees are not sufficiently designated in the will to enable any person to take and hold under it, the same defect exists in the decree. The designation of those who are to take under the decree is just as indefinite and uncertain as the designation in the will. We do not see anything in the will showing an intention that the title should pass to the persons appointed executors, who are also called "trustees," or that it should vest in any one except those whom the devisor attempts to point out by the description, "the members, both

brothers and sisters, of the Society of the Most Precious Blood, who are *under my control and subject to my authority at the time of my death.*"

It is unnecessary to enter on a consideration of the doctrines of uses and trusts and of charitable uses, for, before a court can be called on to decide whether a trust or use is valid, there must be an effectual conveyance or devise, and to such there must be a certain grantee or devisee competent to take and hold the real estate named or described with sufficient certainty. This court has held that a conveyance to a voluntary association in the name adopted by it would pass no title,—*German Land Association* v. *Scholler,* 10 Minn. 331, (Gil. 260;)—that a conveyance to a partnership in its firm name passes to it no title,—*Morrison* v. *Mendenhall,* 18 Minn. 232, (Gil. 212;) *Tidd* v. *Rines,* 26 Minn. 201, (2 N. W. Rep. 497;) *Gille* v. *Hunt,* 35 Minn. 357, (29 N. W. Rep. 2;)—though in the last case it is suggested that, where the firm name contains the name of one of the partners, the title may vest in that partner; and it also concedes that where the person is indicated by a title or office, and there is but one such, it is sufficient. There is no such element of certainty here. The intended devisees are no way described than as those members of a certain society, who are under the control and subject to the authority of the devisor at the time of his death, without specifying who those members are, or how they are to be ascertained and identified. Title to real estate cannot be permitted to pass by an instrument in which the persons who are to take are indicated in so indefinite and uncertain a manner. The will was ineffectual to pass the property.

Order affirmed.

COLLINS, J., took no part in this decision.

(Opinion published 53 N. W. Rep. 648.)