## W. A. PRESTON v. F. R. BATCHELLER AND OTHERS.[1]

April 9, 1925.

No. 24,292.

**Dismissal of appeal in will case by district court reversed.**

1. On appeal of will case from probate court, district court has duty to try case de novo, and, where evidence was properly excluded, decree of probate court should, under G. S. 1923, § 8990, have been affirmed, instead of dismissing appeal.

**Will fatally indefinite.**

2. After several specific legacies, the residuary clause of a will was an attempt to appoint two persons "a commission to divide anything not bequeathed to societies and institutions in New Ipswich, N. H." Held fatally indefinite, and incapable of being made definite or certain by parol.

*Headnote 1. See Wills, 40 Cyc. pp. 1356, 1359.
Headnote 2. See Charities, 11 C. J. p. 328, § 40.

In the matter of the estate of Oliver M. Batcheller, deceased, W. A. Preston appealed to the district court for Hennepin county from

[1]Reported in 203 N. W. 225.

the decree of distribution in the probate court for that county, Dahl, J. The appeal was dismissed, Baldwin, J. From the order dismissing the appeal, W. A. Preston appealed. Remanded with instructions.

*Clarence T. Lowell* and *Warren Newcome*, for appellant.

*Clifford L. Hilton*, Attorney General, and *Albert F. Pratt*, Assistant Attorney General, for respondent.

*George R. Smith* and *Edward J. Callahan*, for interveners.

STONE, J.

The probate court decreed that, as to the residue of his estate, Mr. Batcheller (late a resident of Minnesota but formerly of New Hampshire, having been born in that state at New Ipswich), died intestate. From the decree of distribution, W. A. Preston appealed to the district court. Upon the trial there, the appeal was dismissed "on the ground that the last clause of the will is void, and that extrinsic evidence should not be received to try to make it definite." From the order of dismissal, this appeal is taken.

There were six legacies to individuals; one of them for $500 and the others for $250. The will then proceeds with these concluding paragraphs:

"To the Historical Society of New Ipswich, N. H. I give the old homestead together with all of my old relics, and I authorize my executors to quet the title to same.

"I appoant Dr. F. W. Jones and W. A. Preston a commission to devide anything not bequethed to society or institution in New Ipswich, N. H."

The concluding and residuary clause was, by the probate court, considered indefinite and, no heirs having appeared, the final decree escheated the residue.

When the case came on for trial in the district court, evidence was offered by appellant but refused. The dismissal followed for the reasons stated. We cannot commend the practice. The court was under the duty of trying de novo and, in this case, affirming the decree appealed from. Section 8990, G. S. 1923. While the evi-

dence was properly excluded, the result should have been an affirmance and not merely a dismissal of the appeal.

It is claimed for appellant that he was denied the right, which the law gives him, to a trial de novo. There is no merit in that view for the burden was upon him of going ahead with the evidence and he offered none entitled to be admitted and considered. That the residuary clause is fatally indefinite—incapable of being made definite by any sort of extraneous evidence—is too clear for discussion. Society of the Most Precious Blood v. Moll, 51 Minn. 277, 53 N. W. 648. It does not belong to that class of cases wherein parol evidence has been resorted to merely for the purpose of identifying the beneficiaries of a will.

The most that can be said for it is that Dr. Jones and Mr. Preston were appointed a "commission" to select donees from among unascertained societies and institutions of New Ipswich, New Hampshire. The very testimony offered by appellant illustrates the futility of all effort to use parol evidence for making over wills rather than for the legitimate purposes of interpretation and applying them to their intended subject matter. The offered proof does not indicate, with any degree of certainty, just what was intended by the testator.

The case must be remanded for an affirmance of the decree.

So ordered.