Dawiei, Judge.
 

 After stating the case proceeded: I do not understand from the case, that the court meant by using the word “grant” that a conveyance of the land was to he presumed. We understand the court to mean a grant of an easement, or privilege of ponding the water on the defendant’s lands. The court instructed tliejury that the \.’resumption of a grant,arising from the use of an easement for more than twenty years and acquiesence by the owners of the land,mighhüMfcpelIed by other evidence, and if the presumption was íurTrcpelled, they ought to find for the defendants. W e do not perceive any error in the charge of the court, as we understand it from reading the whole of the charge. Mr.
 
 Starkie,
 
 in his book upon Evidence, makes the following i*emarks: “In considering the nature and effect of circumstantial evidence in question of title, the
 
 *156
 
 order which belongs to presumptive evidence in general naturally presents itself. Accordingly it will be proper to consider, 1st. In what cases long continued and peace-a{j[e possession is conclusive as to the right. 2nd. In what instances the law, although it does not conclusively infer a right, nevertheless gives to the evidence a technical force and operation, beyond its mere natural force and operation, as estimated by a jury. 3d- In what cases the law raises no technical presumption, hut the jury are left to make their own inferences, according to the natural weight of the evidence. The inference of title from adverse, undisturbed enjoyment is conclusive, 1st. in cases of prescription, 2nd. in the different instances which fall within the statute of limitation. Secondly, when the law makes no conclusive inference, but nevertheless gives to tiie evidence a technical efficacy, beyond its simple and natural
 
 force
 
 and operation. Under this head are to be classed the presumptions of legal title by grant or otherwise, to incorporeal rights in the land of others, founded on adverse possession and enjoyment of such rights for the space of twenty years. The presumption of right in such cases is not conclusive; in other words, it is not an inference of
 
 mere law
 
 to be made by the court, yet it is an inference which the courts advise juries to make wherever the presumption stands unrebutted by contrary evidence; such evidence in theory, is mere presumptive evidence; in practice and effect it is a bar. The precise period of twenty years seems to have been adopted in analogy to the enactment of the statute of limitations, which makes an adverse enjoyment of twenty years, a bar to an action of ejectment; for as an adverse possession of that duration will give a possessory title to the land itself, it seems to be also reasonable that jj^hould afford a a presumption of a right, to a minoinmterest out of the 1 and. Thus an enjoyment of lights ; of a right of way over the land of any other; of a stream of water flowing through the property of another; of a market in the neighborhood of another market belonging to to a grantee/under the crown, affords prim»
 
 fade
 
 evidence of a legal right
 
 *157
 
 by grant or otherwise which if unrebutted by opposite evidence, ought to pire vail.” “The very ground of the presumption in such cases is the difficulty of accounting for the possession and enjoyment, without presuming a grant, or other lawful conveyance. Hence, notwithstanding a continuance of possession far exceeding twenty years, if the original possession can be accounted for consistently with a title existing in another, it will be competent to the latter to rebut the presumption arising from the continuance of the possession.” (3
 
 Starkie
 
 from
 
 page
 
 1204 to 1217.) The case before the court rests on the rules established under the second classification of presumptive evidence. The defendant attempted to rebut the presumption, by shewing that the plaintiff had purchased out the title of others, whose lands were overflowed by his mill pond. The evidence was fairly laid before the jury, and the law correctly expounded by the court. The jury found a verdict for the defendants, on -which judgment was given; which judgment we think ought to be affirmed.
 

 Per Curiam — Judgment affirmed.