Ruffin, C. J.
 

 We do not perceive any thing in the record, which can be regarded as an error in matter of law, on which this court can reverse the judgment. The evidence,, as stated on the part of the defendant, of the height at which the water had been kept up from the building of the dam by his father in 1812, was rather vague, and, perhaps, ought not to have been satisfactory. The ground on which a pre
 
 *232
 
 sumption rests of a grant of the easement, as claimed by the defendant) *s> ^ ^een enJ°yed by him and those with whom he connects himself, for twenty years or more, in the state and to the extent in which he is now using it, as complained of by the other party. Now, from 1812 to 1839 is inore than twenty years, it is true. But the case states, that “ for several years before 1839” the dam of 1812 had become so defective, that it would not hold water well, and, as we must understand, did not usually raise the pond as high as it was while the dam remained in repair, or, perhaps, high enough to injure the plaintiff’s mills. If such was the state of facts in 1832, or earlier, that is to say, before the expiration of the twenty years from the covering of the plaintiff’s land by reason of the dam in 1812, then there would not have been the requisite time and enjoyment to raise the presumption urged on the part of the defendant; and it may be, that he should have offered clearer proof, that the “several years” mentioned began after the completion of the full term of twenty years from 1812. But that was a topic for discussion before the jury, or a ground for setting aside the verdict by the court, who tried the cause, for the want of sufficient evidence. It is not a matter on which this court can act, since, notwithstanding the inconclusiveness of the proof, it may be, that the period ot twenty years elapsed before the pond became ordinarily lower in consequence of tire insufficiency of the dam, and we must now take it that the jury have found that, in fact, that period did elapse. For his Honor explicitly directed the jury, that, on the one hand, to entitle the defendant to the benefit of the presumption of a grant, “ they must be satisfied that the water had been kept up for more than twenty years to its present height;” and, on the other, that “if the new dam (of 1839) was higher than the old one of 1812, and thereby the water was thrown on the plaintiff’s land and mills, they should give him damages.” It is, hence, a necessary inference from a verdict for the defendant, that the jury was of opinion, that the defendant did not raise the pond higher on the plaintiff’s land than his father did, and that, before suit brought, the pond had been kept at that height for twenty years or more. In that
 
 *233
 
 case it is settled by repeated declarations of this court, that a grant is to be presumed.
 
 Wilson
 
 v
 
 Wilson,
 
 4 Dev. 154.
 
 Pugh
 
 v
 
 Wheeler,
 
 2 Dev. & Bat. 50.
 

 The court likewise agrees with his Honor with respect to those matters, on which the plaintiff relied as rebutting that presumption. The lowering of the water by drought could not have that effect; else the presumption could never arise, but
 
 would be
 
 defeated by the course of nature. Nor will letting off the water for the purpose of repairs, and only for the period required for repairs; for that is only for the better enjoyment of the franchise, and not a surrender of it. Still less does tlie erection of the plaintiff’s mill in 1826 repel the presumption: it rather strengthens it as an inference of fact. For, if the defendant did not throw back the water ou the plaintiff’s land under a grant, why should-the plaintiff, after building his own mill, whereby his damages became increased, allow the other party to continue the nuisance in the same state, undisturbed, until August, 1841, when this suit was brought? Upon the whole, then, the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.