O. MOSNESS v. FREDERICK C. LACY and Another.

July 12, 1898.

Nos. 11,154—(243).

**Mortgage Foreclosure — Postponement of Sale — Certificate Prima Facie Evidence.**

Where the record of a foreclosure sale by advertisement does not disclose but what the sale in the original notice was duly postponed, the sheriff's certificate, under G. S. 1894, § 6054, is prima facie evidence that all the requirements of the law in that behalf have been duly complied with.

Action in the district court for Clay county against defendants, as executors of the estate of George S. Lacy, deceased, to set aside

the record of a foreclosure sale by advertisement. The cause was tried before Baxter, J., without a jury, who found in favor of defendants. From a judgment entered on the findings, plaintiff appealed. Affirmed.

*Mosness & Combs*, for appellant.

To postpone a foreclosure sale from the date fixed by the original notice of sale, it is not sufficient that a postponement notice be published in connection with the original notice on the day preceding the day of sale, but the sheriff should be present at the time and place named in the original notice, and then and there proclaim the adjournment by fixing the time and place to which the sale is thereby adjourned. Thornton v. Boyden, 31 Ill. 200; Miller v. Hull, 4 Denio, 104; Thomas, Mort. (2d Ed.) § 1123; 2 Jones, Mort. §§ 1634, 1874; La Farge v. Van Wagenen, 14 How. Pr. 54; Jackson v. Clark, 7 Johns. 217; 2 Pingrey, Mort. § 1937. No presumption as to the validity of the sale arises from the sheriff's certificate, because it recites no postponement. If a postponement had been made by the sheriff, it would have been just as necessary that it should be shown in the certificate as any other fact.

*Edwin Adams, C. A. Nye* and *Ira B. Mills*, for respondents.

It is not necessary for the sheriff to attend at the time and place fixed in the original notice, and announce the postponement. See G. S. 1894, § 6035; Bennett v. Brundage, 8 Minn. 385 (432). The mere fact that the sheriff's certificate does not state, in regard to the postponement, that it was not announced, is not sufficient proof that that was the fact. A certificate containing the recitals prescribed by G. S. 1894, § 6054, is prima facie evidence that all requirements of law have been duly complied with.

BUCK, J.

This is an action to set aside the record of a foreclosure sale by advertisement, and the question involved is the validity of the postponement of the sale from the time fixed in the original advertisement, viz., August 10, 1895, to August 24, 1895.

The record does not show that the sale was not duly postponed. The sale itself was made by the sheriff in the manner provided by

statute, and the certificate thereof contained the requirements of the law. As this certificate, under G. S. 1894, § 6054, is prima facie evidence that all the requirements of law in that behalf were duly complied with, the postponement and sale must be deemed valid.

Judgment affirmed.