GOTLEIB SCHLAG v. GOODING–COXE COMPANY.[1]

June 8, 1906.

Nos. 14,793—(107).

**Maintenance of Dam.**

In an action for damages for the overflow of plaintiff's land by a milldam maintained by defendant, it is *held* that the findings of the trial court, to the effect that plaintiff granted the right to overflow the land by a properly executed deed of conveyance to the predecessors of defendant, and

[1] Reported in 108 N. W. 11.

that defendant has succeeded to the title and rights thus granted, are sustained by the evidence.

**Objection to Deposition.**

Objection to a deposition, upon the ground that the necessity for taking the same is not shown to exist at the time it is offered on the trial, should be made before the same is read in evidence; if not then made, it is waived.

Appeal by plaintiff from a judgment of the district court for Morrison county entered pursuant to the findings and order of Searle, J. Affirmed.

*George H. Niles,* for appellant.
*Savage & Purdy,* for respondent.

BROWN, J.

Action to recover damages for the overflow of plaintiff's land caused by a milldam maintained by defendant across the Platte river, a stream of water flowing through or adjacent thereto. Defendant had judgment in the court below, and plaintiff appealed.

The trial court found that plaintiff granted to the copartnership of Hill, Putney & Nobles, by a properly executed deed of conveyance, the right to overflow the land; that defendant has succeeded to the rights of that firm; and, as conclusions of law, that plaintiff cannot recover. Whether the findings of the trial court in this respect are sustained by the evidence is the substantial question involved on this appeal.

It appears from the record that plaintiff has been the owner of the land alleged to have been damaged by the overflow complained of from a period prior to August 1, 1885. Some time prior to that date a copartnership, doing business under the firm name of Hill, Putney & Nobles, erected a mill at Royalton upon the banks of the river referred to, and in connection therewith constructed a dam across the river for the purpose of supplying power to operate the same. The dam caused the waters of the river to overflow plaintiff's land up the stream, and in settlement of all damages therefor, and, to confer upon the copartnership the right forever to maintain the dam, plaintiff executed and delivered to the copartnership a deed by which he, in consideration of the sum of $50, granted, bargained, sold, released, and

quitclaimed to them, "their heirs and assigns forever, all the rights of flowage caused by the milldam over the following piece or parcel of land." Then follows a description of the land in controversy in the action. The grantees thereafter continued to maintain and operate the mill and dam until succeeded by defendant and its immediate predecessors in title. The original dam was destroyed, but was reconstructed by defendant, after it had acquired title to the property, at the place, and, as found by the trial court, at substantially the same height as formerly maintained.

1. The contention of appellant that the deed granting the right of flowage was void is not well taken. It is true that the individual members of the copartnership were not named therein, and the precise location of the dam was not given, but the deed was not void for either reason. It conveyed the legal title to the persons comprising the partnership (Menage v. Burke, 43 Minn. 211, 45 N. W. 155, 19 Am. St. 235), definitely described the overflowed tract of land, and vested in the grantees the right to overflow the same to the extent resulting from the dam in its then condition. It was not essential to the validity of such a deed that the precise quantity of land overflowed should be stated. The deed in this case granted "all right of flowage caused by milldam" to eighty acres of land which was properly described. The deed contained no restrictions or limitations upon the height to which the dam might be maintained, and the grantees were entitled to overflow so much of the land as was reasonably necessary for its maintenance. Smith v. Furbish, 68 N. H. 123, 44 Atl. 398, 47 L. R. A. 226. It had been erected prior to the time the deed was executed, and the conditions then existing must be taken as the basis of the grantees' rights, and the rights of defendant, their successor in interest.

2. The evidence was sufficient to justify the court in finding that defendant succeeded to the title and rights of Hill, Putney & Nobles, at least to five-ninths thereof. It is not important that the entire interest has not been acquired by it. Its title is traced through two sources: First, by deeds from the heirs of Hill, a member of the copartnership, and from Putney, another member; and, second through the foreclosure of a mortgage executed by the copartnership upon the mill property, which, so far as the record discloses, was in all respects

regular and in accordance with the statutes on the subject of mortgage foreclosures. The easement, or right of flowage, passed to defendant as an appurtenance by the transfer or conveyance of the dominant estate. 10 Am. & Eng. Enc. (2d Ed.) 418; Hall v. Sterling, 148 N. Y. 432, 42 N. E. 1056; St. Anthony Falls Water-Power Co. v. City of Minneapolis, 41 Minn. 270, 43 N. W. 56; Peaslee v. Tower, 62 N. H. 434. The title thus acquired, whether a part or the whole of the interest held by the copartnership, is sufficient protection against plaintiff's claim of damages. Its possession and occupancy of the property was the possession and occupancy of all the copartners. 17 Am. & Eng. Enc. (2d Ed.) 669. The grantees in the deed conveying the right of flowage were joint tenants, and the successor of either would be protected in exercising a right thereby expressly granted, at least, as against the grantor of the easement. It is well settled that one joint tenant may sell and convey his individual interest in the common property. 17 Am. & Eng. Enc. (2d Ed.) 681.

3. We find no error in the admission or exclusion of evidence. The sheriff's certificate of foreclosure was prima facie evidence of title under the mortgage (G. S. 1894, § 6054), and of the validity of the foreclosure. Mosness v. Lacy, 73 Minn. 283, 76 N. W. 34. Part of the evidence relied on by defendant was in the form of a deposition, and appellant contends that this was improperly received in evidence for the reason that the necessity of taking the same was not made to appear when it was offered. Atkinson v. Nash, 56 Minn. 476, 58 N. W. 39. In view of the fact that the objection to the deposition was not made until after it had been read in evidence, and no suggestion was then made that the party was in court prepared to be sworn as a witness, we are of opinion that it came too late. It should have been made at the time the deposition was offered and before it had been read in evidence.

The suggestion of counsel for appellant that, if a new trial were granted, he could show conclusively, that the present dam is higher than the former one and overflows more of plaintiff's land, cannot be made the basis of a new trial by the order of this court. That is a matter proper for the consideration of the trial court. No motion for a new trial below appears to have been made.

Judgment affirmed.