## JACOB LEUTHOLD, JR., AND ANOTHER v. JOHN A. STEES COMPANY.[1]

December 13, 1918.

No. 21,056.

**Facts.**

1. The plaintiffs and the defendant own adjoining tracts. In 1886 the predecessor in title of the defendant gave F a 15-year ground lease expiring on October 13, 1901. In 1887 the predecessors in title of the plaintiffs gave F an easement in the wall of the building on their tract, and an easement of way for a sewer, for which F was to pay a stipulated amount yearly. The easements by their terms expired on October 13, 1901. F mortgâged the ground lease in 1891, the mortgage was foreclosed, title was held in the interest of F through various conveyances until 1897, when a transfer was made to the son of the reversioner who apparently took in his interest, the transfer being in effect a surrender by F and ·a release of him by the reversioner. The reversioner took possession. He conveyed to the defendant in 1915. Nothing was paid ·for the use of the easements after 1896 or 1897. The defendant claims that it· has title to the easements by adverse possession. The plaintiffs claim restitution and a recovery of the value of the use. Judgment was entered in accordance with the claim of the plaintiffs.

**Easement — conveyance of dominant estate — mortgage.**

2. An existing easement passes by a conveyance of the dominant estate to which it is appurtenant. The wall and sewer easements passed by the mortgage and its foreclosure and the subsequent transfers.

**Same — when it terminates.**

3. The ground lease was the dominant estate. There cannot be created in favor of an estate for years an easement which will survive it and bind the reversion or the servient estate. The easements were at an end as early as October 13, 1901, and the reversion and the servient estate were not bound by them or by the covenants in the instruments creating them.

**Same — adverse possession.**

4. The finding that the defendant does not have the easements by adverse possession is sustained.

[1]Reported in 169 N. W. 709.

**Same — finding not supported.**

 5. The finding that the defendant used the easements under an agreement implied in fact to pay for their use is not sustained.

Action in the district court for Ramsey county by Jacob Leuthold, Jr., and Fireproof Storage Company for the cancelation of two easements mentioned in the fourth paragraph of the opinion, for the restitution of the demised premises, for a decree of the court prohibiting the defendant, its agents and servants, from using any part of the demised premises or the easements, and to recover $1,650 for use and occupation. The facts are stated in the opinion. The case was tried before Haupt, J., who made findings and ordered judgment in favor of plaintiff for rent under the two leases from November 16, 1915, at the yearly rentals therein specified, and for restitution of the premises, and that defendant be granted 60 days' time in which to remove the Frost building from the premises. From the judgment entered pursuant to the order for judgment, defendant appealed. Modified and affirmed.

*Harold Harris,* for appellant.

*B. H. Schriber,* for respondents.

DIBELL, J.

Action for the restitution of two easements claimed by the defendant in the premises of the plaintiffs and for the recovery of the reasonable value of their use. There was judgment for the plaintiffs for restitution and for the recovery of the value of the use. The defendant appeals.

1. In 1886 William F. Davidson, the predecessor in title of the plaintiffs, and John A. and Washington M. Stees, the predecessors in title of the defendant, were owners of adjoining tracts of land fronting northerly on Fourth street between Wabasha and Cedar streets in St. Paul. The Davidson tract was the westerly one. A building upon it had its easterly wall along the easterly line.

The Steeses gave one Frost a ground lease running for 15 years from October 13, 1886.

On May 1, 1887, Frost and Davidson entered into a contract whereby the former was given the right to use the easterly wall of the Davidson building as a wall for a three-story building which he was constructing.

For this right he was to pay $150 per year. A little later in the same year Frost obtained the right to make use of the Davidson property for a sewer connection. For this right he was to pay $50 per year. These easements were to run for 15 years from October 13, 1886, that is, they were to expire when the ground lease expired.

In 1891 Frost mortgaged his ground lease to one Dickson. This mortgage was foreclosed in 1892 and Dickson purchased. Before the expiration of the redemption period the certificate was assigned to one Marvin, who held for Frost. In 1894 Marvin conveyed to one Nicholas, who also held for Frost; and he in 1897 conveyed to Charles Stees, a son of John A. Stees. Frost continued in possession until 1896 or 1897. When Nicholas conveyed to Charles Stees the latter agreed to save him harmless from the obligations of the ground lease, and at the same time John A. Stees, who in 1894 had acquired the interest of Washington M. Stees, released him from its obligations. It is clear that this transaction as between Stees and Frost was the surrender of the ground lease. The evidence indicates, and perhaps conclusively shows, that Charles Stees had no actual interest. In 1907 he quitclaimed to John A. Stees. In 1915 John.A. conveyed by warranty to the defendant.

John A. Stees was in possession from 1896 or 1897 on, and thereafter nothing was paid for the use of the easements. They expired by their terms on October 13, 1901. Their use was continued. In 1903 or 1904 Stees asked Watson P. Davidson, then the owner, if he was going to ask pay and was told that pay would not be asked if the Frost building was not built higher. In 1912 some sort of a demand was made by the attorneys of the storage company. Aside from the bare fact of a demand the evidence gives no information.

The defendant claims that it now has the easements by adverse possession. The court found against its claim and awarded restitution and a recovery of the reasonable value of the use from the time it acquired title and took possession.

2. An existing easement passes by a conveyance of the dominant estate to which it is appurtenant. Jones, Easements, §§ 20-25; 2 Jones, Real Prop. Conv. § 1640; 2 Washburn, Real Prop. § 1234; 2 Tiffany, Real Prop. § 393; 14 Cyc. 1184; 9 R. C. L. 803.

The wall and sewer easements passed by the mortgage and foreclosure. Swedish-Am. Nat. Bank of Minneapolis v. Connecticut Mut. Life Ins. Co. 83 Minn. 377, 86 N. W. 420. They passed by the subsequent conveyances. St. Anthony Falls W. P. Co. v. City of Minneapolis, 41 Minn. 270, 43 N. W. 56; Northern Pacific Ry. Co. v. Duncan, 87 Minn. 91, 91 N. W. 271; Schlag v. Gooding-Coxe Co. 98 Minn. 261, 108 N. W. 11.

The mortgage in its habendum clause used the term "appurtenances," and similar language was used in the subsequent transfers. The term "appurtenances" is an apt one for conveying an easement but its use is unnecessary to transfer an existing easement actually appurtenant. See Jones, Easements, § 23, and authorities cited above.

The existence of the easements were never denied and there is no dispute as to the general principles just stated. They are important upon features of the case yet to be considered.

3. An estate for years may be a dominant estate or a servient estate; but there cannot be created in favor of an estate for years an easement extending beyond its life and binding the reversion or the servient estate. See Newhoff v. Mayo, 48 N. J. Eq. 619, 23 Atl. 265, 27 Am. St. 455; Leigh v. Garysburg Mnfg. Co. 132 N. C. 167, 43 S. E. 632; Hoffman v. Savage, 15 Mass. 130.

The Frost ground lease of the Stees property was the dominant estate and the Davidson property was the servient estate. The reversion in the Stees property was not the dominant estate nor was it an estate in privity with the servient estate. Upon the termination of the easements, which was at least as early as October 13, 1901, the date fixed in the instruments granting them, no obligation rested upon the servient estate to permit a further use by anyone. The dominant estate was gone. No right of use passed to the reversioner and no obligation rested upon him to continue the use or to pay for it in accordance with the terms fixed by the contracts creating the easements. The reversioner was not in the position of a tenant holding over. He was not in privity with the servient estate and held his fee discharged of the ground lease to which the easements were appurtenant.

4. The defendant claims that it acquired the easements by adverse possession. The court found against its contention. It could not have found differently. When its predecessors commenced holding, upon the expiration of the ground lease, they held as licensees. The holding has

never since been hostile or adverse. The conversation between Davidson and Stees, to which we have adverted, is in itself sufficient to disprove an adverse holding.

5. The court found that the defendant, during the period of its ownership of the Stees tract, used the easements under an implied promise to pay rental therefor and that the reasonable rental was the rate fixed in the contracts of 1887.

We find ourselves unable to reach this conclusion. As before noted neither the defendant nor its predecessor held over after the termination of the easements. There was no estate with which the reversioner was in privity. The reversioner held without objection as a licensee. The implied promise to pay, if there was one, was one implied in fact, that is, it was an agreement coming as a result of the meeting of minds. The law implied no promise. The circumstances seem to us conclusively to negative an agreement to pay. Nothing was paid for over 20 years prior to suit brought. There was no effort to collect, nor suggestion that there was anything to collect, except the indefinite demand by the storage company in 1912 in reference to which we are given no helpful light. The statement of Davidson to Stees in 1903 or 1904 negatives a meeting of minds upon an agreement to pay. The practical construction of the parties for all these years is altogether against the present assertion.

We are in accord with the trial court except upon the question of a recovery for the use. The provision for such recovery is in the first paragraph of the judgment. Except as to this the judgment is correct. The judgment is modified by striking out the first paragraph and as so modified it is affirmed.

Judgment modified and affirmed.