**NUSSBAUM et al. v. NUSSBAUM et al.** *
(No. 891–4181.)

(Commission of Appeals of Texas, Section A. March 23, 1927.)

1. **Life estates** ⊕⟹8—Possession by life tenant is not adverse to remainderman.

A life estate in land is separate and distinct from the remainder; hence possession by life tenant is not adverse to one holding title to the remainder.

2. **Life estates** ⊕⟹8—Claimant of life estate cannot acquire title by limitation to larger estate.

One in possession of land and claiming only a life estate therein cannot acquire title by adverse possession to a larger estate.

3. **Life estates** ⊕⟹8—Husband's acquisition of life estate by holding adverse to first wife's children held not for benefit of children of second wife claiming remainder.

Where husband claiming life estate against children of first wife held possession for sufficient time to give him title by limitation to such

estate, *held*, such possession of husband claiming only life estate did not inure to benefit of children of second wife claiming remainder so as to give them a title by limitation against children of first wife.

Error to. Court of Civil Appeals of First Supreme Judicial District.

Suit by S. J. Nussbaum and another against P. S. Nussbaum and others. Judgment for defendants was reversed and remanded by the Court of Civil Appeals (261 S. W. 512), and plaintiffs bring error. Judgments of both district court and Court of Civil Appeals reversed, and judgment rendered for. plaintiffs.

Carothers & Brown, of Houston, for plaintiffs in error.

Love, Wagner & Wagner, of Houston, for defendants in error.

BISHOP, J. The pleadings and facts in this case are stated by the Court of Civil Appeals in its opinion, 261 S. W. 512, as follows:

"This is a suit in trespass to try title brought by S. J. Nussbaum and M. P. Nussbaum, the sons and only children of P. S. Nussbaum by his first wife, against their father, P. S. Nussbaum, and against Joe Blumenthal, Bertha Augusta Blumenthal, Henry Nussbaum and wife, Sarah Nussbaum, Mollie Saper and husband, S. Saper, who will hereinafter be called and referred to as the children of Augusta Nussbaum, the second wife of P. S. Nussbaum, to recover an undivided one-half of lots 4 and 5, in block 126, in Houston, Tex., and for partition of same. The defendants pleaded not guilty, and the two, three, four, five, and ten year statutes of limitation, and stale demand.

"Plaintiffs S. J. Nussbaum and M. P. Nussbaum, as before said, were the children of the first wife of the defendant P. S. Nussbaum, and the only children who survived her. The defendants, except P. S. Nussbaum, are the children and grandchildren of Augusta Nussbaum, deceased, the second wife of P. S. Nussbaum.

"The lots involved were conveyed by one John McGill and wife to Augusta Nussbaum, the second wife of P. S. Nussbaum, on the 24th day of May, 1871, by deed duly filed for record May 29, 1871. The purchase money paid to McGill for the property was the community property of P. S. Nussbaum and his first wife and was paid to McGill by P. S. Nussbaum.

"After the purchase of this property, P. S. Nussbaum and wife, Augusta, and S. J. and M. P. Nussbaum, sons of the first wife, then about nine and twelve years of age, respectively, moved upon the property. Valuable improvements were made on said property by P. S. and Augusta Nussbaum after said purchase.

"After the conveyance of the property by McGill to Mrs. Augusta Nussbaum, P. S. Nussbaum, during the lifetime of Mrs. Augusta Nussbaum, gave the plaintiffs, S. J. and M. P. Nussbaum, to understand that they had a one-half interest in the property, which he recognized as owned by them, and Mrs. Augusta Nussbaum by her acts and conduct gave said plaintiffs to understand that she acquiesced in such recognition of ownership.

"Mrs. Augusta Nussbaum died on the 11th day of October, 1902, while still living with her husband on. the property in question, and left a will which was duly probated, by which she bequeathed to her husband, P. S. Nussbaum, a life estate in the property in question and devised the remainder to her children.

"On the 26th day of September, 1902, only a short time prior to the death of Mrs. Nussbaum, P. S. Nussbaum executed a deed purporting to convey to Mrs. Nussbaum the property in question, which was duly recorded December 11, 1902. It was recited in this deed that the consideration recited therein was paid out of the separate funds of Augusta C. Nussbaum, and that it was the intention of the parties thereto to make the property her separate estate.

"Neither of the plaintiffs learned that their stepmother, Augusta Nussbaum, had left a will devising the property to P. S. Nussbaum for the term of his life, with remainder to her children, within ten years prior to the filing of this suit, nor did either of them know of the execution of the deed of September 26, 1902, within ten years prior to the filing of said suit.

"After the.death of Mrs. Augusta Nussbaum, P. S. Nussbaum remained in peaceable possession of the property, under the will of Mrs. Nussbaum, and has at all times since said time so held said property, claiming a life estate therein, and has used and enjoyed the same and paid all taxes thereon for five years continuously between January 8, 1903, the date of the probate of said will, and the 10th day of February, 1915, the date on which this suit was filed.

"Neither of the plaintiffs had knowledge of facts which would reasonably lead to a discovery of the existence of the will of Mrs. Nussbaum, or the deed of September 26, 1902, within ten years prior to the filing of this suit.

"The facts above stated are shown by the undisputed evidence, or by the findings of the jury upon sufficient evidence to support such findings."

On an issue of fact the jury also found that both M. P. Nussbaum and S. J. Nussbaum knew of the deed executed by P. S. Nussbaum to their mother, Augusta C. Nussbaum, and also knew that Augusta C. Nussbaum had left a will devising the property to her children more than five years before February 10, 1915, the day on which this suit was filed. The trial court, on the verdict of the jury and facts established as above recited, rendered judgment denying to M. P. and S. J. Nussbaum recovery. On their appeal the Court of Civil Appeals, though it reversed the judgment and remanded the cause for the reason that the trial court erred in instructing the jury that the burden of proof was on M. P. and S. J. Nussbaum to show by a preponderance of the evidence that they did not know of the execution of the deed by P. S. Nussbaum to Augusta C. Nussbaum, and of her will devising the property to her children more than five years prior to the filing of this suit, held that the continued possession of the property by their father, P. S. Nussbaum, claiming a life estate under his deed to Augusta C. Nussbaum and her will devising to him such life estate,

inured to the benefit of the children and grandchildren of Augusta C. Nussbaum, and that by reason of his possession and claim they could acquire title under our five-year statute of limitations.

Plaintiffs in error M. P. and S. J. Nussbaum, conceding that their father, P. S. Nussbaum, has acquired title by limitation to a life estate to their undivided interest in the property, assigned error on this holding of the Court of Civil Appeals, and contend that they are each entitled to judgment against the children and grandchildren of Augusta C. Nussbaum (parties defendant in the trial court) for a one-fourth undivided interest in and to the property in controversy, subject to the life estate of P. S. Nussbaum.

[1] A life estate in land is separate and distinct from that of the remainder. Because this is true, possession by one holding the life estate is not adverse to one holding title to the remainder. Such possession has reference only to the title of the possessor. It has no reference to the title of one holding the remainder, who has no right of possession until possession held by the life tenant and those holding under him has terminated. For this reason, the possession of the owner of the life estate is not the possession of another who holds title to the remainder. He holds possession which has reference to his own title, and not to the title of another which is separate and distinct from his.

[2] Here it is conceded that P. S. Nussbaum was holding possession adverse to the title of plaintiffs in error to their undivided interest in the property, claiming a life estate only. He was claiming no larger estate, and under our statutes of limitation could acquire title to no larger estate, than he claimed to own, if, as conceded, he could acquire title by limitation to a life estate only. His possession had no reference to the title of the children and grandchildren of Augusta C. Nussbaum. They had no possession, and his possession was not theirs.

[3] The relation of life tenant and remainderman is different from that of landlord and tenant. The former hold the same land under separate titles. The latter hold the same land under the same title. The tenant's possession is that of his landlord because it has reference to the· title or claim of title under which it is held. And because the possession has reference only to the title or claim of title under which it is held, the possession of one claiming a life estate only cannot have the effect under our statutes of limitation to perfect title in another, who claimed a different title and had no possession. It therefore follows that the children and grandchildren of Augusta C. Nussbaum, who together owned a one-half undivided interest in and to the property in controversy, subject to the life estate of P.

S. Nussbaum, did not, by reason of the possession .of P. S. Nussbaum under his claim of a life estate in the whole of said property, acquire title to the one-half undivided interest which M. P. and S. J. Nussbaum own.

We recommend that the judgments of both courts be reversed and that judgment be rendered allowing plaintiffs in error each recovery of a one-fourth undivided interest in the property in controversy, subject to the life estate of P. S. Nussbaum, and without prejudice to the rights of owners of interests therein to equitable adjustment of claims for permanent improvements placed thereon on partition after the expiration of said life estate.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiffs in error, as recommended by the Commission of Appeals.