**The FIRST NATIONAL BANK OF AMARILLO, Trustee, Brad Love Sneed Trusts, Appellant,**

v.

**AMARILLO NATIONAL BANK, Trustee of the Betsy Weymouth Bradshaw Trust, et al., Appellees.**

**No. 8561.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 31, 1975.

**906**

Gibson, Ochsner, Adkins, Harlan & Hankins, W. P. Sturdivant, Amarillo, for appellant.

Culton, Morgan, Britain & White, W. F. Countiss, Underwood, Wilson, Sutton, Berry, Stein & Johnson, Frank John Mozola, Amarillo, for appellees.

ROBINSON, Justice.

Plaintiff seeks to establish an implied grant of an easement appurtenant in favor of property held by plaintiff, across property held by defendant, alleging that at one time partial title to all of the property was in one person, and that at that time it was necessary to cross what is presently appellees' tract to reach what is now appellant's tract. The trial court rendered summary judgment for defendants. Plaintiff appeals. Affirmed.

An easement appurtenant is an easement interest which attaches to the land and passes with it. *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196 (Tex. 1962). An easement by implication is established when the owner of a single tract of land conveys any part and, although the

deed is silent, the circumstances at the time of the conveyance are such as to cause an easement to arise between the two parcels of land thus created. Depending on whether the dominant estate is retained or conveyed, an implied easement may be reserved or granted. The law will read into the instrument of conveyance that which the circumstances show both the grantor and grantee must have intended had they given the obvious facts of the transaction proper consideration. *Mitchell v. Castellaw,* 151 Tex. 56, 246 S.W.2d 163, 167 (1952). In order to establish an implied grant of an easement appurtenant, the plaintiff must prove, along with other elements, that there was unity of title of the alleged dominant and servient estates. *Westbrook v. Wright,* 477 S.W.2d 663 (Tex.Civ.App., Houston [14th Dist.] 1972, no writ).

In the case before us, defendants contend that the undisputed summary judgment evidence shows as a matter of law that there was not the requisite unity of title in the alleged dominant and servient estates. Plaintiff contends that there was such unity of title in Fanny Fern Weymouth.

The husband of Fanny Fern Weymouth owned a two-thirds undivided interest in the alleged dominant estate. She joined her husband in a conveyance of that property on May 30, 1936. At most, Fanny Fern Weymouth owned a community property interest in a two-thirds undivided interest in the property conveyed. At the time of the conveyance of the alleged dominant estate, Mrs. Weymouth owned a life interest in the surface of a large tract of land, including the alleged servient estate. This life interest in the alleged dominant estate was her separate property.

■ A life tenant and a remainderman take title from a common grantor, and the remainderman takes his title independent of the interest of the life tenant. The two titles are separate and distinct, neither being referable to the other. *Nussbaum v. Nussbaum,* 292 S.W. 189 (Tex.Com.App. 1927, jdgmt. adopted). Even if he expressly seeks to do so, a life tenant cannot alienate any greater interest in the property than an interest that ceases with his life. *Brooks v. Evetts,* 33 Tex. 732 (1871); *Zambrano v. Olivas,* 490 S.W.2d 218 (Tex.Civ.App., El Paso 1973, writ ref'd n. r. e.); *Gibbs v. Barkley,* 242 S.W. 462 (Tex.Com.App.1922, jdgmt. adopted); *Henson v. Peterson,* 218 S.W. 126 (Tex.Civ.App., Texarkana 1919, writ ref'd).

■ Fanny Fern Weymouth could not grant an express easement across the alleged servient estate that would exceed her life estate in the property. See *Leuthold v. John A. Stees Co.,* 141 Minn. 213, 169 N.W. 709 (1918) and *Newhoff v. Mayo,* 48 N.J.Eq. 619, 23 A. 265 (1891). Thus, she could not accomplish that result by implication.

Mrs. Weymouth is now deceased. The question of whether her ownership interest in the two tracts of land was sufficient to create an easement appurtenant by implication for her life is not before us. We hold that a life estate in an alleged servient estate is an insufficient interest to establish the unity of title necessary to support the implication of the grant of an easement appurtenant beyond the duration of the life estate.

The facts are established as a matter of law against plaintiff on the question of unity of title, an essential element of its cause of action. The trial court, therefore, properly granted defendants' motion for summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934 (Tex.1972). Rule 166–A, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.