191 N.J. Super. 188 (1983)
465 A.2d 946
CHARLES LUDWIG AND MARGARET LUDWIG, HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,
v.
ANDREW J. GOSLINE AND MARY GOSLINE, HUSBAND AND WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 7, 1983.
Decided August 31, 1983.
*189 Before Judges BOTTER, POLOW and BRODY.
Anschelewitz, Barr, Ansell & Bonello, attorneys for appellants (James M. McGovern, Jr., on the brief).
*190 Steven C. Rubin, attorney for respondents.
The opinion of the court was delivered by BRODY, J.A.D.
This is a suit between neighbors occupying homes on adjacent properties in Ocean Grove. The issue raised on appeal is whether defendants acquired by prescription an easement approximately six inches wide over plaintiffs' property along their common boundary. The adverse use occurred as a result of the placement of defendants' concrete walk over the boundary line. Plaintiffs and defendants hold leases, not deeds, to their properties. The record owner of both properties is The Ocean Grove Camp Meeting Association of the Methodist Episcopal Church. Plaintiffs acknowledge that defendants have established all the requisites of a prescriptive easement but one. They contend, and defendants appear to agree, that a prescriptive easement cannot legally be acquired by a tenant over land of a neighboring tenant of the same landlord. The trial judge accepted this legal premise but held that the leases in effect were deeds because each was for a term of 99 years "renewable for a like term of years forever." He entered a judgment declaring the leases deeds as between the parties and ordering plaintiffs to remove a fence which encroached on defendants' easement.
The parties have submitted authority supporting the conclusion that for some purposes a lease of the kind here will be treated as a deed and for other purposes it will not. They concede that none of their cases is directly on point.
For the purpose of this case it makes no difference whether the parties are tenants or owners of the fee. A party claiming the right to an easement by prescription must be an adverse user. He need not own anything. See Baker v. Normanoch Ass'n, Inc., 25 N.J. 407, 421-422 (1957), where the court said:
We must consider whether the adjudication of title in the judgment below was appropriate or necessary. .. . We concede that during the trial some question *191 was raised as to whether certain of the plaintiffs had rights by deed to minute portions of the lake bed. But the thrust of the litigation was that the plaintiffs had acquired easements to use the lake, not that they had or claimed title to any substantial portion of it. The major controversy involved herein can be settled by the granting of injunctive relief restraining the plaintiffs from a general user of the lake.
Nor need the holder of the servient property be the owner of the fee. An easement by prescription may be obtained against the holder of a present interest subject to divestment if and when the property passes to the holder of a future interest. In Hazek v. Greene, 51 N.J. Super. 545 (App.Div.), certif. den. 28 N.J. 58 (1958), plaintiff sought to establish by prescription an easement to ride horses along a trail over railroad property which later reverted to the heirs of the owner from whom it had been taken in condemnation. The court noted that the traction company which ran the railroad had acquired only a "fee simple determinable" and it implied that the easement could vest against the traction company but not against the heirs. The court put it this way:
Thus, any rights that were in the process of vesting against the traction company were necessarily cut off by the reverter, and the prescriptive period had to start running from the time title reverted. [Id. at 558]
A tenant may protect his interest in property by bringing an action of ejectment against someone claiming adversely to be the tenant, and the landlord is not a necessary party. Maddox v. Horne, 7 N.J. Super. 15 (App.Div. 1950). Similarly, plaintiffs here who acquired the property by "assignment of lease" dated July 3, 1959, could have brought an action during the prescriptive period to eject their neighbors from the six-inch strip. We attach no special significance to the statement of the rule in Plaza v. Flak, 7 N.J. 215, 220 (1951), that the elements of adverse use must be directed against "the true owner." In that case the court was dealing with neighbors who happened to be fee owners.
In view of the foregoing we need not express an opinion as to whether the parties are tenants or owners of the fee. Either way, defendants have acquired an easement by prescription *192 against plaintiffs and their successors in interest. Should plaintiffs' property ever revert, it will be time enough to litigate whether defendants' easement vested against the Association as well.
We affirm the judgment below and the declaration of easement as qualified herein.