Gary THAR and Greg Lindbloom,
Appellants (Defendants),

and

Francis Thar and Elvira Thar,
Appellants (Intervenors),

v.

EDWIN N. MORAN REVOCABLE
TRUST and Ted Gassin,
Appellees (Plaintiffs).

No. 94–234.

Supreme Court of Wyoming.

Oct. 31, 1995.

Rehearing Denied Nov. 21, 1995.

John M. Daly of Daly & Anderson, P.C., Gillette, for Appellants.

Robert W. Brown of Lonabaugh and Riggs, Sheridan, for Appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

We are asked to determine whether, in Wyoming, a commercial easement in gross is freely assignable. Declining the request to answer so broad a question, we affirm the decision of the district court on other grounds.

## I. ISSUES

Appellants state the issues on appeal:

1. Is a commercial easement in gross an assignable easement?

2. Is the grantee of an easement in gross judicially estopped to deny its assignability when he signs a stipulation in a prior proceeding which conveys to the heirs, executors and assigns?

Appellees restate the issue:

A. Whether the easement granted to Francis and Elvira Thar in 1976 is assignable.

## II. FACTS

In 1976, Edwin N. Moran (Moran),[1] granted an easement across his land to Francis and Elvira Thar (the Thars). The easement provided access to a landlocked parcel that the Thars were leasing from the State of Wyoming. In 1993, the Thars purchased the parcel from the state, acquiring title in fee simple, and leased it to Gary Thar. This case arises out of an action for trespass brought by the Edwin N. Moran Revocable Family Trust against the Thars' lessee. Moran maintains that the easement granted in 1976 is an easement in gross that is personal to the Thars and cannot be transferred to their lessee. The Thars insist that the easement is a commercial easement in gross and, as such, is an alienable property interest. Following a bench trial, the district

---

1. The stipulation in which the easement was granted to Francis and Elvira Thar was executed by Edwin N. Moran, Nita C. Brennan, Ted Gassin and Edwin N. Moran as Administrator of the Estate of Blanche E. Moran. For convenience, we will identify Edwin N. Moran as the primary party.

court held that the easement is an easement in gross but that it was not assignable.

## III. DISCUSSION

We choose not to answer the question of whether commercial easements in gross are freely alienable in Wyoming since more specific and appropriate grounds exist upon which to decide this case. Despite our refusal to fully consider this issue, we note research which indicates that questions regarding the assignability of easements in gross may be more readily resolved if counsel addresses the question of assignability within the four corners of the granting instrument. *Farmer's Marine Copper Works, Inc. v. City of Galveston,* 757 S.W.2d 148, 151 (Tex.App. 1988) (noting that parties may create an assignable easement in gross through an express assignment provision).

■■■ Turning our attention to the resolution of the case at hand, we observe that an easement cannot extend beyond the life of the estate it serves. *Hoffman v. Savage,* 15 Mass. 130, 131 (1818) (holding that an easement appurtenant to a freehold estate of a dowager expired with that estate); *Leuthold v. John A. Stees Co.,* 141 Minn. 213, 169 N.W. 709, 710–11 (1918) (holding that an easement cannot be created in favor of an estate for years extending beyond the life of the estate); *Ludwig v. Gosline,* 191 N.J.Super. 188, 465 A.2d 946, 947 (1983) (holding that an easement by prescription may be obtained against the holder of a present interest, but that that prescriptive easement is subject to divestment if and when the property passes to the holder of a future interest); *Newhoff v. Mayo,* 48 N.J.Eq. 619, 23 A. 265, 267 (1891) (noting that when the dominant estate is a terminable estate, the right of passage ceases when that estate is terminated). In light of this rule, we hold that the easement serving the Thars' leased lands expired with the leasehold estate.

Moran granted an easement to serve leased lands, not an easement to serve lands held in fee. When Elvira Thar acquired the leased lands in fee, the leasehold estate expired and the easement serving that estate was terminated. Unlike the district court, which did not decide the issue, we hold that the Thars' easement expired with their leasehold interest in the state lands.

The Thars also argue that Moran is judicially estopped from denying the assignability of the easement. We need not consider this argument since the question of assignability is not reached in our decision.

## IV. CONCLUSION

The district court's decision denying the use of the expired easement by the Thars' lessee is affirmed. Since the easement has expired, the Thars must consider some other means of acquiring access to their landlocked parcel.

THOMAS, J., files a dissenting opinion.

THOMAS, Justice, dissenting.

I cannot agree with the resolution of this case by the majority. It leaves the owners of a landlocked tract with no choice other than to pursue the statutory process for the creation of a private road. The majority chooses to evade the issues posed by the parties by concluding that an easement does not extend beyond the life of the estate it serves. In reaching that conclusion, the majority cites cases involving appurtenant easements, not easements in gross. Additional facts make these cases inapposite. *Hoffman* specifically found the estate was appurtenant and a building constructed on the easement twenty-four years before the action produced a presumption of extinguishment which could be rebutted, but was a question of fact for the jury. *Leuthold* is not applicable in the present instance because the easement was for years and by the terms of the lease expired on a specific date. *Ludwig* specifically stated that the defendants who were lessees of the same lessor as the plaintiffs had acquired an easement by prescription against the plaintiffs and their successors in interest. That court refused to decide if the easement should operate against the lessor if the property should ever revert to it. *Newhoff* affords interesting language regarding life estates and estates for years, but again it is applied to an appurtenant easement.

In this instance, the trial court found this easement to be an easement in gross, but ruled against its assignability. I would adopt the rule articulated in the RESTATEMENT OF THE LAW OF PROPERTY § 489 (1944), **"Easements in gross, if of a commercial character, are alienable property interests."** I agree with the district court that this easement is an easement in gross, and it seems clearly to have been of a commercial nature. Not only that, but the parties spoke to assignability in the document and said, "This Stipulation is binding upon the heirs, executors and assigns of the parties hereto."

I quote only in part from the *Comment* to this section of the RESTATEMENT OF THE LAW OF PROPERTY. There, it is said:

*Comment:*

a. *Rationale.* Property interests are, in general, alienable. If a particular property interest is not alienable, this result must be due to some policy against the alienability of such an interest. The policy of the law has been, in general, in favor of a high degree of alienability of property interests. This policy arises from a belief that the social interest is promoted by the greater utilization of the subject matter of property resulting from the freedom of alienation of interests in it.

I would reverse the trial court and hold that this easement was alienable as a matter of law.